GUSLER V FAIRVIEW TUBULAR PRODUCTS. (Docket No. 63538.) Rehearing granted. *Fred E. Foster, P.C.,* for plaintiff-appellee. *Davidson, Breen & Doud, P.C.,* for defendants-appellants. *Kelman, Loria, Downing, Schneider & Simpson* for Michigan Trial Lawyers Association; *Conklin, Benham, McLeod, Ducey & Ottaway, P.C.,* for Michigan Self-Insurers' Association; *Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.,* for Michigan State AFL-CIO; and *Green, Renner, Weisse, Rettig, Rademacher & Clark* as amici curiae. Reported at 412 Mich 270.

Appeal dismissed on March 15, 1983, upon stipulation by the parties, with prejudice and without costs.

AUGUST 20, 1982

PROPOSED AMENDMENT OF GCR 1963, 516. On order of the Court, this is to advise that the Court is considering whether to amend GCR 1963, 516. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

(The rule is to be amended by adding subrule .8 set out below:)

RULE 516. INSTRUCTIONS TO JURY.

.1—.7 (Unchanged.)

.8 Determination of Relative Fault of Joint Tortfeasors.

(a) This subrule applies to cases in which the jury has returned a verdict in favor of the plaintiff against two or more defendants and in which there may be rights of contribution under MCL 600.2925a-600.2925d; MSA 27A.2925(1)-27A.2925(4).

(b) If a defendant has given notice before the start of trial of the intention to claim contribution, the court may submit the issue of the relative fault of the defendants who have been found liable to the same jury. No further evidence may be taken, but counsel for the defendants shall be permitted to argue the issue to the jury.

(c) The issue of the relative fault of the defendants may not be submitted to the jury unless at least one defendant so requests.

(d) If a defendant objects to the submission of the issue of relative fault to the jury, the court shall determine whether it is appropriate to do so. However, if a party has pleaded a claim for contribution and there is a demand for a jury trial of that claim, the issue of relative fault must be submitted to the jury. This subrule does not limit the court's authority to order a separate trial under GCR 1963, 505.2.

(e) If the defendants who have been found liable stipulate not to submit the relative fault issue to the jury, a party may request that relative fault be determined by the judge who conducted the trial. Such a request must be made by a motion filed no later than 20 days after the entry of judgment for the plaintiff. For good cause the court may permit discovery and the presentation of additional evidence on the contribution issue. Otherwise, the ruling shall be made on the evidence produced at the trial.

(f) The findings regarding the relative fault of the defendants are binding only on the defendants who have been found liable to the plaintiff.

(g) A defendant who has paid more than his or her share as determined under this subrule may enforce the right of contribution by motion or separate action, as provided in MCL 600.2925c; MSA 27A.2925(3).

(h) Except as provided in subsection (f), the submission of (or failure to submit) the issue of relative fault as provided in this subrule does not affect the right to bring a separate action for contribution under MCL 600.2925c; MSA 27A.2925(3).

(i) Proceedings pursuant to this subrule do not affect the right of the plaintiff to a joint and several judgment.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the Michigan Bar Journal.

*Staff Comment:* The proposed amendment was submitted by the Standard Jury Instruction Committee.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

PROPOSED AMENDMENT OF GCR 1963, 316. On order of the Court, this is to advise that the Court is considering whether to amend GCR 1963, 316. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

(The rule is to be amended by the addition of subrule .9, as set out below:)

RULE 316. MEDIATION.

.1—.8 (Unchanged.)

.9 Expedited Mediation.

(a) Where all parties stipulate, any civil case may be submitted to expedited mediation to determine the relief.

(b) The matter may also be submitted on written motion by a party, or on the judge's own motion as long as the stipulation provided for in subrule 316.9(a) has been filed, or if liability has been resolved pursuant to a grant of judgment based on GCR 1963, 117.2(2).

(c) Advancement of a case on the mediation calendar shall have no effect on the progress of the case toward trial.

(d) The effect of mediation remains the same as set forth in subrule 316.7.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the Michigan Bar Journal.

*Staff Comment:* The State Bar Representative Assembly submitted the proposed amendment.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

PROPOSED AMENDMENT OF GCR 1963, 921. On order of the Court, this is to advise that the Court is considering whether to amend GCR 1963, 921. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

(The present language is to be repealed and replaced by the following language:)

RULE 921. LEGAL AID CLINICS, PROSECUTING ATTORNEYS' AND CITY ATTORNEYS' STUDENT AND GRADUATE PROGRAMS, LAW SCHOOL CLINICAL PROGRAMS.

.1 Legal Aid Clinics. Effective legal service for each person in Michigan, regardless of that person's ability to pay, is important to the directly affected person, to our court system, and to our whole citizenry. Law students, under supervision by a member of the State Bar of Michigan, may staff legal aid clinics organized under a city or county bar association or an accredited law school, or which are funded pursuant to the Legal Services Corporation Act.

.2 Other Clinical Legal Training Programs. Law students and graduates may participate in legal training programs organized in the offices of county prosecuting attorneys or city attorneys or in law school clinical practice programs, in which a law student obtains both academic and practice advocacy training, utilizing law school faculty or adjunct faculty members for practice supervision.

.3 Procedure. A member of the legal aid clinic, in representation of indigent persons, shall be authorized to advise such persons and to negotiate and appear in all courts of this state except the Court of Appeals and Supreme Court in criminal and civil matters on their behalf. These activities shall be conducted under the supervision of a member of the bar. Supervision by a member of the bar shall include the duty to examine and sign all pleadings filed on behalf of an

indigent person. Supervision shall not require that any such member of the bar be present in the room while a student or law graduate is advising an indigent person or negotiating on the indigent person's behalf nor that the member of the bar be present in the courtroom during a student's or graduate's appearance except in criminal or juvenile cases carrying a penalty in excess of six months. In no case shall any such student or graduate appear in any court of this state without first having received the approval of the judge of that court for his appearance. Where such permission has been granted, the judge of any court may suspend the trial proceedings at any stage where the judge in his sole discretion determines that such student's or graduate's representation is professionally inadequate and substantial justice so requires. Law students or graduates serving in a prosecutor's or city attorney's program or in a law school clinical practice program may be authorized to perform comparable functions and duties as assigned by the prosecuting attorney or city attorney or clinical practice program director, subject to all the conditions and restrictions in this rule and the further restriction that they may not be appointed as assistant prosecutors or assistant city attorneys.

.4 Eligible Students. Any student in an accredited law school who has received a passing grade in law school courses and has completed the freshman year shall be eligible to participate in the programs described herein if that student meets the academic and moral standards established by the dean of that school.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the Michigan Bar Journal.

*Staff Comment:* The proposed amendment extends the authorization for the limited practice of law by law students to qualified students involved in law school clinical practice programs under the same conditions now applying to legal aid clinics and prosecuting and city attorneys' legal training programs.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

PROPOSED NEW GCR 1963, 918. On order of the Court, this is to advise that the Court is considering whether to adopt GCR 1963, 918. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

RULE 918. USE OF COMMUNICATION EQUIPMENT.

.1 Definition. "Communication equipment" means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other.

.2 Use. A district, probate, or circuit judge may, on his or her own motion or on the written request of a party, direct that communication equipment be used for a motion hearing, pretrial conference, or status conference. A judge must give notice to the parties before directing on his or her own motion that communication equipment be used. A party's written request must be made at least 7 days before the day on which the communication equipment is sought to be used. A judge may, with the consent of all parties, direct that the testimony of a witness be taken through communication equipment. A verbatim record of the proceeding must still be made.

.3 Burden of Expense. The cost for the use of the communication equipment is the responsibility of the requesting party, unless the judge otherwise directs.

OR

The cost for the use of the communication equipment is to be shared equally, unless the judge otherwise directs.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal

may be sent to the Supreme Court clerk within 60 days after it is published in the Michigan Bar Journal.

*Staff Comment:* The State Bar Representative Assembly has recommended that this Court adopt a rule governing the use of communication equipment for motion hearings and pretrial or status conferences. Alternative versions of proposed subrule 918.3 are offered for comment. The Representative Assembly recommended a provision in which costs would be the responsibility of the requesting party. The State of Washington has provided for costs for these conferences to be shared equally. RAP 17.5(e).

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

PROPOSED AMENDMENT OF DCR 506. On order of the Court, this is to advise that the Court is considering whether to amend District Court Rule 506. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

(The present language is to be repealed and replaced by the following language except as otherwise indicated below:)

DC RULE 506. COMPELLING THE TESTIMONY OF PARTIES AND WITNESSES.

.1—.4 (Unchanged.)

.5 Service of Subpoena.

(a) Civil Case. A subpoena in a civil case is to be served in a manner provided by DCR 105. The fees for one day's attendance and for mileage, provided by law, are to be given to the person on whom the subpoena is served at the time of service. Service on a party of notice that his or her testimony has been ordered by the court may be served in a manner provided by DCR 107.

(b) Criminal Cases and Civil Infractions. A subpoena in a criminal case or civil infraction case may be served either in a manner provided by DCR 105 or by mailing to a witness a copy of the subpoena and a postage-paid card acknowledging service and addressed to the party requesting service. The fees for attendance and mileage, provided by law, are to be given to the witness after the witness appears at the court. If the card is not received by return mail, the subpoena must be served in a manner provided by DCR 105.

.6 (Unchanged.)

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the Michigan Bar Journal.

*Staff Comment:* The District Judges Association Rules and Forms Committee has recommended to the Court that subpoenas in criminal cases and in civil infractions be allowed to be served by mail. The proposal is based on the Kalamazoo County experience with this form of subpoena service.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.