BULLARD v TITUS CONSTRUCTION COMPANY

Docket No. 56153. Submitted April 9, 1982, at Grand Rapids.—Decided August 23, 1982.

Carey L. Bullard worked as a seasonal helper for the A. F. Murch Company. While working for Murch, Bullard fell and injured his back. Bullard subsequently left his employment with Murch and worked at a number of different jobs, including employment with Titus Construction Company. Bullard applied for workers' disability compensation by filing two petitions with the Bureau of Workers' Disability Compensation. The first petition sought benefits for alleged back injuries suffered during employment with Murch and the second petition sought benefits for alleged injuries suffered during employment with Titus. Subsequent to his employment with Murch, Bullard was married to a woman with two children by a prior marriage. The children reside with Bullard and his wife. The hearing referee held that Bullard received a personal injury arising out of and in the course of his employment with Murch and awarded Bullard benefits for certain closed periods. In a second decision, the referee found that Bullard did not receive a personal injury arising out of and in the course of his employment with Titus. Bullard appealed to the Workers' Compensation Appeal Board. The board modified the decision of the hearing referee and held that Bullard's employment with Murch caused a permanent partial disability and that Bullard had three dependents, his wife and two stepchildren. A. F. Murch Company and its insurer, Pacific Employers Insurance Company, appeal by leave granted, alleging that the appeal board erred in (1) ruling that the claimant's two stepchildren were conclusively presumed to be his dependents, (2) finding that Bullard's back condition was not aggravated by his subsequent employment with a construction company following his work injury while employed by Murch, and (3) failing to quote in its opinion the specific testimony that it adopted in finding

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 81 Am Jur 2d, Workmen's Compensation § 202.

[3] 82 Am Jur 2d, Workmen's Compensation § 552.

[4] 82 Am Jur 2d, Workmen's Compensation §§ 553, 613.

that Bullard had sustained a continuing partial disability.
*Held:*

1. The appeal board erred in holding that Bullard's two stepchildren were conclusively presumed to be dependent upon him. The dependency status of stepchildren is an issue of fact. The case should be remanded to the appeal board to determine whether claimant's two stepchildren are dependents in fact.

2. There is competent evidence in the record to support the appeal board's finding that Bullard's back condition was not aggravated by his subsequent employment with the construction company following his work-related injury while employed by Murch. Findings of fact made by the appeal board are conclusive absent fraud if they are supported by any competent evidence.

3. There is no merit in the defendants' argument that the appeal board erred in failing to quote in its opinion the specific testimony that it adopted in finding that Bullard had sustained a continuing partial disability. The appeal board sufficiently indicated the testimony that it adopted in reaching its decision.

Remanded with instructions.

1. WORKERS' COMPENSATION — DEPENDENT CHILDREN.

The Worker's Disability Compensation Act provides that a child under the age of 16 years who is living with his parent at the time of the parent's work-related injury is conclusively presumed to be a dependent; the act also allows an increase in the amount of disability payments when the number of a disabled worker's conclusive dependents increases following his injury; in all other cases, the question of dependency is treated as a question of fact (MCL 418.353[1][a][ii], 418.353[1][b], 418.353[3]; MSA 17.237[353][1][a][ii], 17.237[353][1][b], 17.237[353][3]).

2. WORKERS' COMPENSATION — DEPENDENT CHILDREN — STEPCHILDREN.

Generally, a stepparent has no legal obligation to support a stepchild; therefore, a stepchild should not be within the conclusive presumption of dependency for purposes of the Worker's Disability Compensation Act; the question of whether an injured worker is entitled to increased compensation benefits because of a dependent stepchild should be addressed as a question of fact (MCL 418.353[1]; MSA 17.237[353][1]).

3. WORKERS' COMPENSATION — FINDINGS OF FACT.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive absent fraud if they are supported by any competent evidence; a determination by the appeal board on

the question of whether an employee aggravated a pre-existing injury or condition is a finding of fact.

4. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD.

The Workers' Compensation Appeal Board sufficiently indicates the testimony it adopted in reaching its decision where the board specifically refers to a witness's testimony; no greater specificity in an opinion is required for a meaningful appellate review of the issue.

*Williams, Klukowski, Wood, Drew & Fotieo, P.C.* (by *Ronald C. Love*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Craig R. Noland*), for Titus Construction Company and Hartford Accident and Indemnity Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for A. F. Murch Company and Pacific Employers Insurance Company.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DEWITT,* JJ.

D. S. DEWITT, J. Defendants A. F. Murch and Pacific Employers Insurance Company appeal by leave granted a January 30, 1981, opinion and decision of the Workers' Compensation Appeal Board finding that plaintiff had sustained a continuing partial disability as the result of an injury that he sustained while in the employment of defendant Murch.

Defendants first argue that the appeal board erred in ruling that plaintiff's two stepchildren were conclusively presumed to be his dependents. Under § 353 of the Worker's Disability Compensation Act, MCL 418.353(1)(a)(ii); MSA 17.237(353)(1)(a)(ii), a child under the age of 16

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years who is living with his parent at the time of the parent's work-related injury is conclusively presumed to be a dependent. The act also permits an increase in the amount of disability payments when the number of a disabled worker's conclusive dependents increases following his injury. MCL 418.353(3); MSA 17.237(353)(3). In all other cases, the question of dependency is treated as a question of fact. MCL 418.353(1)(b); MSA 17.237(353)(1)(b).

On the date of his injury, plaintiff had no dependents. This fact is evidenced by his statement to this effect on his petition for benefits. Further, at the hearing, plaintiff testified that he was not married in August, 1974, when he was injured while working for defendant Murch, but that he got married sometime during 1975. Plaintiff now has two stepchildren, ages 13 and 15, who were the natural children born during his wife's prior marriage. The children are in school and reside with plaintiff and his wife. Although plaintiff's wife receives approximately $76 every two weeks from ADC for the children's support, plaintiff testified that he supports them.

In its January 30, 1981, opinion the appeal board, in a 2 to 1 decision, found that plaintiff's stepchildren were conclusively presumed to be dependent upon him and ordered the amount of plaintiff's benefits to be adjusted accordingly. Defendants now argue that this ruling was erroneous and that plaintiff is not entitled to a conclusive presumption of dependency. We agree.

In *Washburn v American Roofing Co,* 52 Mich App 188, 190-191; 217 NW2d 104 (1974), *lv den* 392 Mich 758 (1974), this Court held that stepchildren are entitled to the conclusive presumption of dependency under the statute:

"As we read this statute, the stepchildren of the

injured employee are 'dependent children' under § 353(2). In arriving at this construction, we read § 353 as a whole. The act provides special rules governing dependency in instances where the workman is injured. MCL 418.353(1)(a), (b); MSA 17.237(353)(1)(a), (b). Subsection (a)(ii) reads that dependency is conclusively presumed where *a child* under 16 years of age is living with his parent at the time of the injury of such parent. We hold that here the phrase 'a child', means a person of immature or tender years, in this instance under 16 years of age, and the child or stepchild of the injured employee." (Emphasis in ·original, citation to footnote omitted.)

In a case involving the payment of workers' compensation death benefits, *Theodore v Packing Materials, Inc,* 396 Mich 152, 164; 240 NW2d 255 (1976), the Supreme Court held that the conclusive dependency presumption of § 331 is "premised upon the legal obligation of the parent to provide support for the child". Thus, where the legal obligation to support the child is terminated, in the *Theodore* case due to legal adoption, the applicability of the conclusive-dependency presumption also terminates.

This Court reconsidered the issue of the dependency status of a stepchild in *Wilson v General Motors Corp,* 102 Mich App 476, 480; 301 NW2d 901 (1980), *lv den* 411 Mich 1002 (1981). Relying primarily on the Court's holding in *Theodore,* that the conclusive presumption of dependency is premised upon the legal obligation of a parent to provide support for the child, the Court in *Wilson* held that the dependency status of a stepchild under the Worker's Disability Compensation Act is an issue of fact. The *Wilson* Court noted that in *Theodore* the Supreme Court:

"[R]easoned that the conclusive presumption of de-

pendency of § 331 of the Worker's Disability Compensation Act is premised upon the legal obligation of a parent to provide support for his child and that termination of a legal obligation to support a child likewise terminates the applicability of the conclusive-dependency presumption of the Worker's Disability Compensation Act.

"Such principle has relevance to this case. Unless all stepparents as a class are required by law to support their stepchildren, the conclusive presumption of dependency should not apply."

Continuing, the Court in *Wilson,* after reviewing the status of Michigan law on the point, found that as a general rule a stepparent has no legal obligation to support a stepchild. It concluded, therefore, that a stepchild is not within the conclusive presumption of dependency set forth in subsection (1) of § 353. Thus, the question of whether an injured worker· is entitled to increased compensation benefits because of a dependent stepchild must ·be addressed as a question of fact in accordance with subsection (1)(b) of § 353 of the act.

The Court in *Wilson* correctly analyzed this matter and reached its proper resolution. The appeal board erred in this case in holding that plaintiff's two stepchildren were conclusively presumed to be dependent upon him. The dependency status of the stepchildren is an issue of fact. Therefore, we reverse this finding of the appeal board and remand this cause with instructions that the appeal board determine whether plaintiff's two stepchildren are dependents in fact.

We find no merit in defendants' argument that the appeal board erred in finding that plaintiff's back condition was not aggravated by his subsequent employment with a construction company following his work injury while employed by defen-

dant Murch. Findings of fact made by the appeal board are conclusive in the absence of fraud if they are supported by any competent evidence. Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861), *Lopucki v Ford Motor Co,* 109 Mich App 231; 311 NW2d 338 (1981). A determination by the appeal board on the question of whether an employee aggravated a pre-existing injury or condition is a finding of fact. *Thick v Lapeer Metal Products Co,* 103 Mich App 491; 302 NW2d 902 (1981).

On this issue the appeal board found:

"The record, in plaintiff's candid testimony in particular, persuades us that plaintiff's subsequent employment after that at defendant Murch Company provided symptomatic aggravation to plaintiff's weakened back during the performance of certain activities, but that a change in the underlying pathology has not been demonstrated."

There is competent evidence in the record to support the appeal board's finding. Dr. Morris Friedman, an orthopedic surgeon who examined plaintiff at the request of defendant Titus Construction Company, testified that although plaintiff's back and leg pain was aggravated on several occasions by his work at Titus, plaintiff suffered no definite injury while working there. Although plaintiff's work at Titus could have aggravated his underlying pathology, the board found that it did not do so. Because this finding is supported by competent evidence in the record, and we find no fraud, we are bound by it.

Finally, we find no merit in defendants' argument that the appeal board erred in failing to quote in its opinion the specific testimony that it adopted in finding that plaintiff had sustained a

continuing partial disability. In pertinent part, the appeal board's opinion states:

"[W]e find plaintiff's testimony and conduct, coupled with the testimony of Dr. Mahaney, sufficient basis for the finding that plaintiff has a continuing partial disability in the nature of a back sprain as a result of the August, 1974, work injuries."

By referring to the testimony of plaintiff and Dr. Mahaney, the appeal board sufficiently indicated the testimony that it adopted in reaching its decision. No greater specificity in the opinion is required for a meaningful appellate review of this issue. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 136; 274 NW2d 411 (1979). Thus, the opinion of the appeal board is not deficient.

Remanded to the appeal board for a determination as to whether, on the record, the plaintiff established that his stepchildren were dependents in fact.