BULLARD v TITUS CONSTRUCTION COMPANY (ON
REHEARING)

Docket No. 56153. Submitted September 28, 1982, at Lansing.—Decided January 19, 1983.

Carey L. Bullard worked as a seasonal helper for the A. F. Murch Company. While working for Murch, Bullard fell and injured his back. Bullard subsequently left his employment with Murch and worked at a number of different jobs, including employment with Titus Construction Company. Bullard applied for workers' disability compensation by filing two petitions with the Bureau of Workers' Disability Compensation. The first petition sought benefits for alleged back injuries suffered during employment with Murch and the second petition sought benefits for alleged injuries suffered during employment with Titus. Subsequent to his employment with Murch, Bullard was married to a woman with two children by a prior marriage. The children reside with Bullard and his wife. The hearing referee held that Bullard received a personal injury arising out of and in the course of his employment with Murch and awarded Bullard benefits for certain closed periods. In a second decision, the referee found that Bullard did not receive a personal injury arising out of and in the course of his employment with Titus. Bullard appealed to the Workers' Compensation Appeal Board. The board modified the decision of the hearing referee and held that Bullard's employment with Murch caused a permanent partial disability and that Bullard had three dependents, his wife and two stepchildren. A. F. Murch Company and its insurer, Pacific Employers Insurance Company, appealed to the Court of Appeals, by leave granted, alleging that the appeal board erred in ruling that the claimant's two stepchildren were conclusively presumed to be his dependents and several other errors. The Court of Appeals held that the appeal board erred in holding that Bullard's two stepchildren were conclusively presumed to be dependent upon him and also held that the dependency status of stepchildren is an issue of fact. The Court of Appeals, therefore, remanded the

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 362.

case to the appeal board to determine whether Bullard's two stepchildren are dependents in fact. 118 Mich App 631 (1982). Defendants A. F. Murch Company and Pacific Employers Insurance Company, thereafter, filed an application for rehearing which application was subsequently granted by the Court of Appeals. On rehearing, *held:*

1. The remand was unnecessary since it is irrelevant, for purposes of an increase in the amount of disability payments, whether plaintiff's stepchildren are, in fact, dependent upon him. The Worker's Disability Compensation Act only permits an increase in the amount of disability payments when the number of conclusive dependents increases following the employee's injury. The statute does not provide for an increase for those dependent in fact upon the injured employee.

2. A Michigan Supreme Court decision that only the maximum benefit is adjustable rendered the issue of dependency moot since plaintiff's benefits will not exceed two-thirds of plaintiff's average weekly wage irrespective of whether plaintiff has none or three dependents.

The order remanding this case to the appeal board for a determination of dependency in fact is vacated and the case is remanded to the appeal board for further proceedings not inconsistent with this opinion.

WORKERS' COMPENSATION — CONCLUSIVE DEPENDENTS — DISABILITY PAYMENTS — INCREASES IN PAYMENTS.

The Worker's Disability Compensation Act allows for an increase in the amount of disability payments where the number of a disabled worker's conclusive dependents increases following his injury; the act does not provide for an increase in payments because of an increase in the number of those dependent in fact upon the injured employee (MCL 418.353[3]; MSA 17.237[353][3]).

*Williams, Klukowski, Wood, Drew & Fotieo, P.C.* (by *Stephen R. Drew* and *Ronald C. Love),* for plaintiff-appellee.

*Smith, Haughey, Rice & Roegge* (by *Craig R. Noland),* for Titus Construction Company and Hartford Accident and Indemnity Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for A. F. Murch Company and Pacific Employers Insurance Company.

Before: MacKenzie, P.J., and D. E. Holbrook, Jr., and D. S. DeWitt,* JJ.

D. S. DeWitt, J. We granted defendants A. F. Murch Company's and Pacific Employers Insurance Company's application for rehearing in this case to consider whether we incorrectly ordered the case remanded to the Workers' Compensation Appeal Board for a determination of whether plaintiff's two stepchildren are dependents in fact. We now conclude that remand was unnecessary.

In this Court's original opinion, 118 Mich App 631; 325 NW2d 521 (1982), we concluded that plaintiff's two stepchildren did not fit within the conclusive presumption of dependency set forth in MCL 418.353(1)(a)(ii); MSA 17.237(353)(1)(a)(ii). However, MCL 418.353(3); MSA 17.237(353)(3) only permits an increase in the amount of disability payments when the number of conclusive dependents increases following the employee's injury. The statute does not provide for an increase for those dependent in fact upon the injured employee. Therefore, it is irrelevant, for purposes of an increase, whether plaintiff's children are, in fact, dependent upon him. Furthermore, under *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), *reh gtd* 414 Mich 1102; 323 NW2d 909 (1982), the issue of dependency is now moot. *Gusler* holds that only the maximum benefit is adjustable. Thus, plaintiff's benefits will not exceed two-thirds of plaintiff's average weekly wage irrespective of whether plaintiff has none or three dependents.

The order remanding this case to the appeal board for a determination of whether plaintiff's children are dependents in fact is vacated. This case is remanded to the appeal board for further proceedings not inconsistent with this opinion.

* Circuit judge, sitting on the Court of Appeals by assignment.