BLACK v GENERAL MOTORS CORPORATION

Docket No. 60087. Submitted December 13, 1982, at Lansing.—Decided May 4, 1983. Leave to appeal denied, 418 Mich 872.

Plaintiff, James M. Black, was first employed by General Motors Corporation during the mid-1950's. On October 31, 1977, plaintiff injured his back and was thereafter unable to work. Plaintiff filed a claim for disability compensation benefits on May 9, 1978, and an amended claim on March 27, 1979. In an order dated April 20, 1979, the hearing referee awarded benefits of $127 per week from November 1, 1977, until January 13, 1978. Plaintiff remarried on May 18, 1979. His new wife had three minor children by a previous marriage. Plaintiff filed for review of the hearing referee's decision with the WCAB. Shortly thereafter, he filed a second claim for benefits. The hearing referee denied plaintiff's second claim, finding no change in plaintiff's back condition. In its order, the WCAB awarded benefits of $127 per week from November 1, 1977, until May 17, 1979, and benefits of $150 per week until further order of the bureau. The increase in benefits from May 18, 1977, forward reflected the addition of three stepchildren to plaintiff's family. Defendant appealed. *Held:*

1. Generally, a stepparent has no legal obligation to support a stepchild. Therefore, a stepchild should not be within the conclusive presumption of dependency for purposes of the Worker's Disability Compensation Act. A claimant's award may be increased if he acquires conclusive dependents after the injury.

2. A workers' compensation award is an adjudication as to the condition of the injured worker at the time it is entered, and conclusive of all matters adjudicable at that time, but it is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has been changed.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 362.
[2] 82 Am Jur 2d, Workmen's Compensation § 591.

1. WORKERS' COMPENSATION — DEPENDENT CHILDREN — STEPCHIL-
DREN.
   Generally, a stepparent has no legal obligation to support a
   stepchild; therefore, a stepchild should not be within the con-
   clusive presumption of dependency for purposes of the Worker's
   Disability Compensation Act (MCL 418.353[1][a][ii]; MSA
   17.237[353][1][a][ii]).

2. WORKERS' COMPENSATION — AWARD OF COMPENSATION — FUTURE
CONDITION — SUBSEQUENT AWARDS.
   A workers' compensation award is an adjudication as to the
   condition of the injured worker at the time it is entered, and
   conclusive of all matters adjudicable at that time, but it is not
   an adjudication as to the claimant's future condition and does
   not preclude subsequent awards or subsequent modifications of
   the original award upon a showing that the employee's physical
   condition has changed.

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Mark S. Farrell*), for plaintiff.

*Anderson, Green & Vincent, P.C.* (by *Richard J. Anderson*), for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the Workers' Compensation Appeal Board (WCAB) affirming and extending a hearing referee's award of disability compensation benefits to plaintiff.

Plaintiff was first employed by defendant during the mid-1950's as a pipefitter. On October 31, 1977, plaintiff injured his back and was thereafter unable to work. Plaintiff filed a claim for disability compensation benefits on May 9, 1978, and an amended claim on March 27, 1979. In an order dated April 20, 1979, the hearing referee awarded

---

* Circuit judge, sitting on the Court of Appeals by assignment.

benefits of $127 per week from November 1, 1977, until January 13, 1978.

Plaintiff remarried on May 18, 1979. His new wife had three minor children by a previous marriage.

Plaintiff filed for review of the hearing referee's decision with the WCAB. Shortly thereafter, he filed a second claim for benefits. The hearing referee denied plaintiff's second claim, finding no change in plaintiff's back condition.

In its order, the WCAB awarded benefits of $127 per week from November 1, 1977, until May 17, 1979, and benefits of $150 per week "until further order of the bureau". The increase in benefits from May 18, 1977, forward reflected the addition of three stepchildren to plaintiff's family.

Defendant first contends that the WCAB erred in increasing plaintiff's benefits to reflect the addition of the three stepchildren to his household. A claimant's benefits may be increased if the claimant acquires "conclusive dependents" after his disabling injury. MCL 418.353(3); MSA 17.237-(353)(3). A "conclusive dependent" includes a "child under the age of 16 years * * * living with his parent at the time of the injury of such parent". MCL 418.353(1)(a)(ii) MSA 17.237(353)(1)-(a)(ii). The question we must decide is whether a stepparent is a "parent" under this provision.

In *Wilson v General Motors Corp,* 102 Mich App 476, 479-480; 301 NW2d 901 (1980), *lv den* 411 Mich 1002 (1981), this Court answered the above question in the negative. The Court reasoned:

"The historic meaning of 'parent" is one who procreates, begets, or brings forth offspring, a natural father or mother. The advent of adoption statutes has extended the definition of parent to include legal parent,

that is, adoptive persons who supplant one or both natural parents.

"The Michigan Supreme Court has had occasion to apply MCL 412.6; MSA 17.156 (now MCL 418.331; MSA 17.237[331]) in determining that, after adoption, a child is no longer entitled to a conclusive presumption of dependency as to his natural parent with respect to the receipt of death benefits. *Theodore v Packing Materials, Inc,* 396 Mich 152, 160-164; 240 NW2d 255 (1976). The Supreme Court, speaking through Justice FITZGERALD reasoned that the conclusive presumption of dependency of § 331 of the Worker's Disability Compensation Act is premised upon the legal obligation of a parent to provide support for his child and that termination of a legal obligation to support a child likewise terminates the applicability of the conclusive-dependency presumption of the Worker's Disability Compensation Act.

"Such principle has relevance to this case. Unless all stepparents as a class are required by law to support their stepchildren, the conclsive presumption of dependency should not apply.

"As a general rule, a stepparent has no legal obligation to support a stepchild. *Staal v Grand Rapids & I R Co,* 57 Mich 239, 246; 23 NW 795 (1885). Absent adoption, the legal obligation to support a child remains with his natural parents."

Another panel of this Court adopted the *Wilson* analysis in *Bullard v Titus Construction Co,* 118 Mich App 631; 325 NW2d 521 (1982), and similarly concluded that a stepparent was not a "parent" under MCL 418.353(1)(a)(ii); MSA 17.237(353)-(1)(a)(ii). We agree with *Wilson, supra,* and *Bullard, supra.* Accordingly, we hold that the WCAB erred in increasing plaintiff's benefits to reflect the addition of three stepchildren to his family.

We must now consider the proper remedy for this error. The statute provides that where an alleged dependent is not a conclusive dependent

the question of dependency "shall be determined in accordance with the fact, as the fact may be at the time of the injury, except as provided in subsection (3)". MCL 418.353(1)(b); MSA 17.237(353)(1)(b). The exception refers to that section providing for an increase in benefits "for increased members of conclusive dependents * * * not so dependent at the time of the injury of an employee". MCL 418.353(3); MSA 17.237(353)(3). Under these provisions, a "question of dependency" is one of fact where a nonconclusive dependent is involved unless the employee claims under subsection (3). Consequently, in a claim under that subsection, the sole question is whether the dependent acquired after the injury is a conclusive dependent. In other words, to secure benefits under subsection (3), a dependent acquired by an employee after his injury must be a conclusive dependent—factual dependency is irrelevant.

In the present case, the plaintiff added three stepchildren to his household more than one year following his back injury. Because these children are not conclusively presumed to be dependent on plaintiff, they entitled plaintiff to no increased benefits under subsection (3), even if they are in fact dependent on plaintiff for their support. Consequently, we vacate the WCAB's order of benefits from May 18, 1979, forward and remand for a calculation of benefits without regard to the addition of three stepchildren to plaintiff's household.

Defendant next argues that the WCAB erred in finding that plaintiff suffered a work-related injury. This issue is without merit. Initially, defendant contends that plaintiff's second claim is barred by res judicata. However, this claim raised a factual question different from the one involved in the first claim, that is, whether plaintiff's back

condition had changed in the interim. Thus, res judicata did not bar the second claim. As the Supreme Court said in *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375-376; 224 NW2d 856 (1975):

"This Court has cited with approval the rule set forth in 58 Am Jur, Workmen's Compensation, § 508. See *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958). This section states:

" 'The general rule with respect to the effect upon the application of the principles of res judicata to decisions under workmen's compensation acts, of a provision authorizing the modification of an award upon a showing of a change in the employee's condition, is that a compensation award is an adjudication as to the condition of the injured workman at the time it is entered, *and conclusive of all matters adjudicable at that time,* but it is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has changed. * * *' (Emphasis added.)"

See, also, *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980).

Defendant maintains that the WCAB's finding that the plaintiff is suffering from a continuing disability is not supported by competent evidence. The WCAB's opinion satisfies the requirements set forth in *Nunn v George A Cantrick Co, Inc,* 113 Mich App 486, 493-494; 317 NW2d 331 (1982), and, thus, is subject to appellate review. We find that plaintiff's testimony, upon which the WCAB relied, is competent evidence supporting the board's conclusion that plaintiff suffers a continuing disability. See *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630; 242 NW2d 393 (1976).

Reversed and remanded to the WCAB for proceedings consistent with this opinion.