WOODS v SEARS, ROEBUCK & COMPANY

Docket No. 70076. Submitted February 16, 1984, at Detroit.—Decided June 19, 1984. Leave to appeal applied for.

Bernice Woods, an employee of Sears, Roebuck & Company, slipped and fell on the job in 1970. When she later began to have back discomfort she was transferred to lighter work. In 1977, she again slipped and fell. She continued to have back pain and, after a period of hospitalization for the condition, did not return to work. She then claimed workers' compensation benefits. A hearing referee found that she was disabled for a closed term and awarded benefits accordingly. She appealed to the Workers' Compensation Appeal Board, which ruled that she suffered from a continuing disability and modified the award to a continuing one. The board also awarded plaintiff a penalty for defendant's failure to pay the closed award pending the appeal to the board. Defendant had appealed the referee's findings but later withdrew its appeal. The defendant appealed by leave granted from the decision of the Workers' Compensation Appeal Board. *Held:*

1. Review by the Court of Appeals is limited to questions of law and to whether there is any competent evidence in the record to support the findings of the appeal board. Here, there was ample evidence to support the finding that plaintiff suffered a permanent disability arising from her work-related fall. Defendant's allegation that the evidence was not sufficient is without merit.

2. Imposition of a penalty for nonpayment of an award is proper only where there is no ongoing dispute regarding the award. When the defendant withdrew its appeal of the award there was no longer an appeal contesting the validity of the finding of a closed term of disability. Defendant therefore

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 630-635.
[2, 3] 82 Am Jur 2d, Workmen's Compensation § 549 *et seq.*
[4] 82 Am Jur 2d, Workmen's Compensation §§ 533-539.
[5, 6] 82 Am Jur 2d, Workmen's Compensation § 620 *et seq.*

became liable for payment of those benefits, and the appeal board did not err in assessing a penalty for nonpayment.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL — SCOPE OF REVIEW.

Review by the Court of Appeals of a decision of the Workers' Compensation Appeal Board is limited to questions of law and, in the absence of fraud, is restricted to whether there is any competent evidence to support the findings of the appeal board.

2. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — FINDINGS OF FACT.

Findings by the Workers' Compensation Appeal Board regarding whether a disability exists, and a determination by the board of whether an employee aggravated a pre-existing injury or condition, are findings of fact.

3. WORKERS' COMPENSATION — EVIDENCE — EMPLOYEE'S TESTIMONY.

An injured employee's testimony is competent evidence to support a finding of the Workers' Compensation Appeal Board that the employee suffers from a continuing disability.

4. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — TRIER OF FACT.

It is for the Workers' Compensation Appeal Board as a trier of fact, not for the Court of Appeals, to judge the credibility of testimony and the weight to be given to it.

5. WORKERS' COMPENSATION — CLAIM FOR REVIEW — ONGOING DISPUTE.

A workers' compensation award is to be considered disputed, for purposes of the statutory penalty for nonpayment of an award when there is no dispute, while review or appeal is pending and during the time periods provided for filing a claim for review or for seeking an appeal; where a party withdraws its claim for review there is no longer a review pending and, thus, no longer an ongoing dispute (MCL 418.801[2]; MSA 17.237[801][2]).

6. WORKERS' COMPENSATION — REVIEW.

The Workers' Compensation Appeal Board has no obligation to review issues raised by a party who has not filed a claim for review.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries),* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Dennis P. Partridge*), for defendant.

Before: T. M. BURNS, P.J., and WAHLS and W. F. HOOD,* JJ.

PER CURIAM. Defendant appeals by leave granted from a February 8, 1983, opinion and order of the Workers' Compensation Appeal Board which modified the decision of the hearing referee. The board transformed a closed award of benefits into an open award and reversed the decision of the hearing referee by granting plaintiff the maximum $1,500 penalty for defendant's failure to pay the closed award pending appeal.

Plaintiff, Bernice Woods, worked as a part-time employee of defendant, Sears, Roebuck & Company, in October of 1966. She became a full-time employee on June 10, 1967. Her duties involved unloading window shades from trucks, as well as refilling bins with window shades. She also handled curtain rods, chair backs and chair seats. The various items weighed between 20 and 30 pounds.

On June 30, 1970, plaintiff slipped and fell at work. Her entire head and back hit the floor. She also injured her right foot. Plaintiff missed some work because of this fall. Four to five months after this fall, plaintiff's back began to cause her discomfort. She was then transferred to the men's department, which had a concrete floor. This job did not require heavy lifting. However, she was required to lift luggage. Plaintiff's back condition worsened and she was hospitalized for two weeks in 1972.

Plaintiff requested a transfer to the girl's department because she would be able to walk on a rug

---

* Circuit judge, sitting on the Court of Appeals by assignment.

instead of standing on concrete. The work in the girl's department was also lighter.

In 1977, plaintiff again slipped and fell while carrying merchandise. She reported this incident to her employer and underwent treatment for approximately one week. Dissatisfied with the care and treatment she was receiving through her employer, she consulted her personal physician. Even though plaintiff continued to experience back discomfort, she continued to work until July 26, 1977. At that time, she experienced pain in her lower back. Because of the pain she took a leave of absence in August and was hospitalized for a week. She did not return to work. Plaintiff testified that the pain in her tail bone, and her arthritic condition, disabled her from functioning while "walking too much".

The hearing referee found that plaintiff was disabled for a closed term and awarded benefits accordingly. Plaintiff appealed to the Workers' Compensation Appeal Board, alleging that she should be awarded a continuing disability. Defendant also appealed from the referee's award, arguing that plaintiff was not disabled at all. Defendant, however, withdrew its appeal. The Workers' Compensation Appeal Board ruled that plaintiff continued to be disabled and modified the hearing referee's decision accordingly. Defendant now appeals from the decision of the Workers' Compensation Appeal Board.

Defendant first argues that the evidence does not establish that plaintiff suffered a permanent disability. This Court's review of the Workers' Compensation Appeal Board's decision is limited to questions of law and is restricted to whether there is any competent evidence to support the findings of the appeal board in the absence of fraud. *Upton*

*v General Motors Corp,* 124 Mich App 61; 333 NW2d 384 (1983), *lv den* 417 Mich 1100.12 (1983). It is for the appeal board as the trier of fact, not for this Court, to weigh the credibility of the evidence and to draw reasonable inferences from the established facts. *Torres v Armond Cassil Co,* 115 Mich App 690; 321 NW2d 776 (1982), *lv den* 417 Mich 899 (1983). Findings by the appeal board regarding whether a disability exists, *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978), as well as "a determination by the appeal board on the question of whether an employee aggravated a pre-existing injury or condition [are] finding[s] of fact". *Bullard v Titus Construction Co,* 118 Mich App 631, 637; 325 NW2d 521 (1982), *reh on other grounds* 122 Mich App 449; 332 NW2d 501 (1983). An employee's testimony also constitutes competent evidence supporting an appeal board's decision that the employee is suffering from a continuing disability. *Black v General Motors Corp,* 125 Mich App 469; 336 NW2d 28 (1983). This Court must, then, affirm an appeal board's decision if there is any evidence to support its findings. *Torres, supra.*

There is ample evidence to support the appeal board's finding. Dr. Leach, one of plaintiff's treating physicians, diagnosed plaintiff's condition as hypertension, coccydynia and arthritis of the lumbar spine. Dr. Leach opined that the fall in 1977 could have activated plaintiff's back condition and caused her pain in the coccyx. Dr. Leach felt that plaintiff could perform part-time work to see if her condition would worsen.

Dr. Lipton, one of plaintiff's consulting physicians, diagnosed plaintiff's condition as chronic coccydynia with probable prior fracture of the second segment of the coccyx, with residual sacro-

cygeal, joint traumatic arthritis, and chronic degenerative disc disease of the lumbar spine. This indicates degenerative disc disease and not arthritis of the spine.

Dr. Johnson, an orthopedic surgeon who examined plaintiff, diagnosed plaintiff's condition as arthritis, degenerative disc disease, and a ruptured intervertebral disc of her lumbrosacral spine. He opined that the changes in plaintiff's spine were either caused or aggravated by plaintiff's fall at work in 1977. He found that the ruptured disc resulted from a traumatic incident and was not caused by a gradual degenerative process. Dr. Johnson concluded that plaintiff could not perform a job requiring lifting, bending, sitting, or prolonged walking. This disability he felt would continue indefinitely.

Despite this evidence, defendant contends that the appeal board should have based its decision on the testimony of defendant's consulting physician, Dr. Austin. Contrary to defendant's assertion, the appeal board considered Dr. Austin's testimony, stating:

"Donald C. Austin, M.D., examined plaintiff on September 8, 1978. While Dr. Austin testified to x-ray findings indicative of degenerative arthritis more predominant in the lumbar area and narrowing of the disc spaces at L3-L4 and L4-L5, similar to Dr. Lipton, Dr. Austin attributed same to plaintiff's weight. Based on what he considered normal examination findings with no objective evidence to support plaintiff's complaints, Dr. Austin opined there is no physical reason why plaintiff cannot return to work. Dr. Austin did not perform the appropriate tests and therefore could offer no opinion regarding the coccydynia diagnosed by Drs. Leach and Lipton. Judge Brasseur found plaintiff has recovered as of the date of this examination."

The appeal board decided not to give credence to Dr. Austin's testimony. It is for the appeal board as a trier of fact to judge the credibility of the testimony and the weight it is to be given. *Rea v General Electric Co,* 35 Mich App 573; 192 NW2d 549 (1971).

Despite the fact that there was ample evidence to support the appeal board's decision, defendant contends that medical testimony supported two equal inferences which nullifies plaintiff's claim as a matter of law. Defendant bases this part of its argument on the testimony of Dr. Leach. Dr. Leach testified that plaintiff's work-related fall could have aggravated her back condition. Dr. Leach also testified that it is possible that plaintiff's present condition could be the same if she had never worked for defendant. Defendant relies on *Putnam v Beechler,* 299 Mich 552; 300 NW 880 (1941), for the proposition that evidence which supports two equal inferences does not support a claim of disability as a matter of law. Defendant's reliance on *Putnam* is misplaced. Contrary to the facts in the cases cited in *Putnam,* the defendant herein is not alleging that plaintiff's condition would have occurred regardless of whether or not she worked. *Putnam,* and the cases therein, involved injuries which occurred without evidence of an accident; the case herein involves whether the accident caused the condition. An inference of an accidental injury does not have to be made in the instant case because the accident is an established fact. Defendant's argument is without merit.

Defendant next argues that the appeal board erred in concluding that there was no ongoing dispute that plaintiff was entitled to a closed award of benefits after defendant withdrew its claim for review. Upon making this finding, the

appeal board invoked the penalty provision of the Worker's Disability Compensation Act. MCL 418.801(2); MSA 17.237(801)(2).

The penalty provision states:

"(2) If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is not an ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the benefits, medical bills, or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection." MCL 418.801(2); MSA 17.237(801)(2).

This penalty provision does not take effect if there is an ongoing dispute. *Perry v Sturdevant Mfg Co,* 124 Mich App 11; 333 NW2d 366 (1983). Defendant contends that, despite its withdrawal of its claim for review, the issue of whether plaintiff was entitled to a closed term of disability remained an ongoing dispute. In *DeKind v Gale Mfg Co,* 125 Mich App 598, 608; 337 NW2d 252 (1983), *lv den* 418 Mich 852 (1983), this Court stated:

"If the employer chooses to demand a hearing, there is an ongoing dispute. In *Charpentier [v Canteen Corp,* 105 Mich App 700; 307 NW2d 704 (1981)], the Court held that an award is to be considered disputed while review or appeal is pending and during the time periods provided for filing a claim for review or for seeking an appeal."

When defendant withdrew its claim for review there was no appeal pending contesting the validity of the hearing referee's finding of a closed term of disability. Since defendant could not have subsequently filed another claim for review, there was no longer an ongoing dispute over plaintiff's enti-

tlement for payment of the closed term of disability. Defendant, however, argues that the appeal board had an obligation to conduct a *de novo* review, *Franks v White Pine Copper Div, Copper Range Co,* 122 Mich App 177; 332 NW2d 447 (1982), and therefore there was an ongoing dispute. While the appeal board had the obligation to conduct a *de novo* review, it has no obligation to review issues raised by a party who has not filed a claim for review. *Nelson v General Motors Corp,* 122 Mich App 499; 332 NW2d 514 (1983), *lv den* 417 Mich 1098 (1983). Since the appeal board had no obligation to review the award of a closed term of disability benefits, there was no longer an ongoing dispute as to that issue and defendant became liable for the penalty for not paying these benefits. We, therefore, affirm the decision of the appeal board.

Affirmed.