SCHAMBERS v NATIONAL REDI MIX, INC

Docket Nos. 217881, 223256. Submitted August 1, 2000, at Detroit. Decided February 2, 2001, at 9:20 A.M.

Joseph Schambers filed a petition in the Bureau of Worker's Disability Compensation, seeking benefits for a 1989 back injury and 1994 reinjury sustained while working for National Redi Mix, Inc. A worker's compensation magistrate granted an open award of weekly wage-loss benefits, setting benefits at $348.66 a week for the period when the plaintiff's income tax filing status was single with no dependents, at $372.45 a week when his filing status changed to married with no dependents, and finally at $380.66 after his son was born. National Redi Mix and its insurer appealed to the Worker's Compensation Appellate Commission, arguing that the plaintiff's tax filing status should be fixed as of the date of injury. The WCAC affirmed the magistrate's decision. The defendants appealed by leave granted in the Court of Appeals, which also granted the plaintiff's application for a delayed cross appeal with respect to his claim that the magistrate should have awarded benefits for the alleged 1994 reinjury.

The Court of Appeals *held*:

1. The magistrate correctly determined that the plaintiff was entitled to an increase in wage-loss benefits after the birth of his son, but incorrectly determined that benefits could increase on the basis of the plaintiff's marriage and the corresponding change in his tax filing status. Section 353 of the Worker's Disability Compensation Act, MCL 418.353; MSA 17.237(353), provides that an increase in payments shall be made for increased numbers of conclusive dependents as defined in the act not so dependent at the time of the injury of an employee. Children under the age of sixteen years are conclusively presumed to be dependent, MCL 418.353(1)(a)(ii); MSA 17.237(353)(1)(a)(ii). However, MCL 418.353(1)(a)(i); MSA 17.237(353)(1)(a)(i), which provides that the wife of an injured employee living with the employee at the time of injury is conclusively presumed to be dependent, has been ruled to be unconstitutional by the Supreme Court, *Pike v City of Wyoming*, 431 Mich 589 (1988).

2. The plaintiff failed to preserve for appeal the issue raised in his cross appeal when he did not file with the WCAC a cross appeal raising the issue.

Reversed in part and remanded.

WORKER'S COMPENSATION — WEEKLY WAGE-LOSS BENEFITS — INCREASES FOR ADDED CONCLUSIVE DEPENDENTS.

The weekly wage-loss benefits of an injured employee are subject to increase when the employee gains a conclusive dependent who was not so dependent at the time of the employee's injury; an injured employee's child under sixteen years of age is a conclusive dependent of the employee; an injured employee's wife is not a conclusive dependent of the employee (MCL 418.353; MSA 17.237[353]).

*Peter B. Bundarin,* for Joseph Schambers.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for National Redi Mix, Inc., and Truck Insurance Company.

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), for National Redi Mix, Inc., and Continental Casualty Company.

Before: SMOLENSKI, P.J., and DOCTOROFF and WILDER, JJ.

PER CURIAM. Defendants National Redi Mix, Inc., and Truck Insurance Co. (hereinafter defendants) appeal by leave granted a January 29, 1999, order of the Worker's Compensation Appellate Commission (WCAC) that affirmed a magistrate's order setting the amount of weekly wage-loss benefits to be paid to plaintiff during various periods. Plaintiff cross appeals by leave granted the magistrate's denial of benefits for an alleged subsequent injury. We reverse in part the amount of benefits awarded and remand.

Plaintiff filed a petition alleging that he injured his back at work in July 1989 and reinjured it in Decem-

ber 1994. In a decision mailed February 20, 1997, the magistrate granted an open award of weekly wage-loss benefits based on the July 1989 injury date. The amount of benefits awarded varies as follows: $348.66 a week from July 26, 1989, through October 5, 1995, based on plaintiff's tax filing status as being single with no dependents; $372.45 a week from October 6, 1995, through July 5, 1996, based on the status of being married and filing jointly with no dependents; and $380.66 a week from July 6, 1996, until further order, as a result of the birth of a son on that date.

Defendants appealed to the WCAC, arguing in part that plaintiff's tax status should be fixed as of his July 25, 1989, injury date. In an opinion and order dated January 29, 1999, the WCAC affirmed, stating:

This Commission recently addressed this identical question in *Marsh-Benjamin v Prism Restaurant, Inc.* In holding that the Act does not prohibit a change in tax filing status, the Commission stated:

"We see nothing in the provisions of section 351 [MCL 418.351; MSA 17.237(351)] and 313 [MCL 418.313; MSA 17.237(313)] which requires that the tax status of the employee be fixed as of the date of injury for all time. The Commission has previously held that the partial compensation benefit rate is based on the tax laws in effect in the year when wages were earned so as to accurately reflect the actual after tax amount of wages earned. We believe that the changes in an employee's tax filing status after the date of injury are to be reflected in the compensation rate, whether the change in rate benefits the employee or the employer. As a result, we find no error in the magistrate's ruling that plaintiff's compensation benefit rate will increase to reflect her married status as of September 9, 1995."

We believe this interpretation of the Act is fairer than that set forth by the Commission in *Westerfield v General Motors Corp.* wherein the Commission held that no post-

injury changes in tax status could be recognized. Under the interpretation in *Marsh-Benjamin* both the employer and employee can take advantage of post-injury changes in tax filing status, i.e. single to married, married to single. Under the *Westerfield* interpretation, an employee who gets married after an injury is locked into a lower rate because of his or her tax filing status while an employer would be forced to compensate an employee who gets a post-injury divorce at a higher rate because of his or her tax filing status.

This Court granted defendants' timely application for leave to appeal. Approximately three months later, plaintiff filed an application for delayed cross appeal, arguing that the magistrate should have awarded benefits for the alleged reinjury in 1994. This Court granted the application and ordered the parties to brief the question whether this Court has jurisdiction to entertain an application for delayed cross appeal filed more than thirty days after the WCAC's order.

Subsection 351(1) of the Worker's Disability Compensation Act provides that totally disabled employees are entitled to compensation at the rate of eighty percent of the employee's after-tax average weekly wage, but not more than the maximum set by statute. See MCL 418.351(1); MSA 17.237(351)(1). Subsection 313(1) defines "after-tax average weekly wage" to mean the average weekly wage as defined in MCL 418.371; MSA 17.237(371) reduced by the prorated weekly amount that would have been paid for various taxes, using as the number of exemptions the disabled employee's dependents plus the employee, without excess itemized deductions. See MCL 418.313(1); MSA 17.237(313)(1). MCL 418.371; MSA 17.237(371) indicates that "[t]he weekly loss in wages shall be fixed as of the time of the personal injury, and deter-

mined considering the nature and extent of the personal injury."

Defendants admit that the fixing of wage loss as of the time of personal injury under § 371 does not necessarily preclude a change in the amount of weekly wage-loss benefits. For example, under § 353, which defines dependency for purposes of the act, subsection 3 provides that an "increase in payments shall be made for increased numbers of conclusive dependents as defined in this act not so dependent at the time of the injury of an employee." See MCL 418.353; MSA 17.237(353). Because children under the age of sixteen are conclusively presumed to be dependent, see MCL 418.353(1)(a)(ii); MSA 17.237(353)(1)(a)(ii), the magistrate correctly determined that plaintiff was entitled to an increase in wage-loss benefits after the birth of his son. However, we agree with defendants that there was no basis for the increase in benefits based on plaintiff's marriage and the corresponding change in his tax filing status.

Although § 353 provides that the wife of an injured employee living with the employee at the time of injury is conclusively presumed to be dependent, see MCL 418.353(1)(a)(i); MSA 17.237(353)(1)(a)(i), the Supreme Court has deemed this provision unconstitutional. See *Pike v City of Wyoming*, 431 Mich 589; 433 NW2d 768 (1988). Accordingly, a wife is no longer considered a conclusive dependent. Because subsection 353(3) only allows an increase in benefits on the basis of an increase in the number of *conclusive* dependents, defendants argue that the change in plaintiff's marital status should not have been taken into account in setting the benefit rate. We agree.

It could be argued that the Legislature intended that changes in marital status should indeed change the benefit level and that the decision in *Pike* only means that a plaintiff must now prove that a new spouse is a dependent in fact. However, we agree with defendants that because the Legislature chose to allow increased benefits only for *conclusive* dependents under subsection 353(3), the Legislature meant to allow increased benefits only when it is unnecessary to present evidence and issue a decision regarding the factual dependency of persons who are not conclusive dependents. See, e.g., *Sebewaing Industries, Inc v Village of Sebewaing*, 337 Mich 530, 545; 60 NW2d 444 (1953) ("Express mention in a statute of one thing implies the exclusion of other similar things."). See also *Black v General Motors Corp*, 125 Mich App 469, 473; 336 NW2d 28 (1983) ("to secure benefits under [MCL 418.353(3); MSA 17.237(353)(3)], a dependent acquired by an employee after his injury must be a conclusive dependent—factual dependency is irrelevant").

This Court's function is to apply statutory law in the manner intended by the Legislature, as expressed in the language of the statutes. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402-403; 605 NW2d 300 (2000). Because we can find no clear statutory authorization for changing weekly wage-loss benefits as a result of a change in a claimant's marital or tax filing status, we hold that the WCAC erred in affirming the magistrate's order in this regard.

In granting plaintiff's application for delayed cross appeal, the parties were directed to address whether the cross appeal should be deemed allowable in light of the facts that (1) MCL 418.861a(14); MSA

17.237(861a)(14) requires a party to file an application for leave to appeal within thirty days of a final order of the WCAC, see *Wszola v Robert Carter Corp*, 187 Mich App 372, 374; 468 NW2d 57 (1991), and (2) plaintiff filed for delayed cross appeal under MCR 7.207(E) more than thirty days after the WCAC order. We conclude, after reviewing the record, that we need not address this jurisdictional issue, because plaintiff would not have prevailed on cross appeal *even if* the appeal were deemed allowable. Indeed, plaintiff's issue on cross appeal was not preserved for appellate consideration. Plaintiff did not file his own claim for review with the WCAC, nor did he file a cross appeal with the WCAC as permitted by MCL 418.861a(6); MSA 17.237(861a)(6). Because plaintiff sought relief greater than that afforded by the magistrate, a separate or cross appeal was necessary. *McCardel v Smolen*, 404 Mich 89, 94-95; 273 NW2d 3 (1978). Plaintiff's failure to properly raise the issue below means that it was not preserved for appellate consideration. *Achtenberg v City of East Lansing*, 421 Mich 765, 773; 364 NW2d 277 (1985).

Reversed in part and remanded for entry of an order adjusting the amount of plaintiff's weekly wage-loss benefits to reflect the addition of a conclusive dependent only. We do not retain jurisdiction.