court adjudicatory hearing had been held violated the Double Jeopardy Clause. This case, where defendant's alleged criminal conduct was the basis for his commitment under the criminal sexual psychopath statute, appears analogous.

It is now over 22 years since the crime was committed. We should dispose of questions whether the people may proceed at all before requiring the defendant to litigate and the trial court to resolve issues that may not be dispositive.

KAVANAGH, C. J. I dissent for the reasons stated by my Brothers WILLIAMS and LEVIN. I also dissent because one of the issues raised on appeal is whether the defendant and the people should be put to the expense and trouble of a criminal trial after 18 years. This order resolves that issue without specifying any reason for so doing, contrary to the mandate of § 6 of Article 6, Constitution 1963.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, *Stephen M. Wheeler,* Chief of Appellate Division, for the people. *Robert A. Burt* and *Francis A. Allen* for defendant-appellant. Reported below: 57 Mich App 556.

FEBRUARY 13, 1976

CRAMPTON v DEPARTMENT OF STATE. (Docket No. 56074.) Rehearing denied. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John D. Pirich,* Assistant Attorney General, for defendant-appellee. Reported at 395 Mich 347.

MARCH 29, 1976

PEOPLE v ELLIS. (Docket No. 57653.) Defendant has requested the appointment of counsel under Administrative Order 1975–9, 395 Mich xliii. The request, the Court of Appeals record, and the trial court record have been considered. On order of the Court, the request is granted. Defendant shall file with Ingham Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before Ingham Circuit Court at which the prosecution, defendant, and the State Appellate Defender shall appear personally to aid the court's inquiry. Ingham Circuit Court, upon

a finding of indigency, shall appoint the State Appellate Defender and shall furnish any portion of the record counsel may require. Lawrence Ray Ellis, *in propria persona,* appellant. Reported below: 62 Mich App 109.

PEOPLE v ERNEST THOMAS. (Docket No. 57652.) Defendant has requested appointment of counsel under Administrative Order 1975-9, 395 Mich xliii. The request, the Court of Appeals record, and the trial court record have been considered. On order of the Court, the request is granted. Defendant shall file with Recorder's Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before Recorder's Court at which the prosecution, defendant, and the State Appellate Defender shall appear personally to aid the court's inquiry. Recorder's Court, upon a finding of indigency, shall appoint the State Appellate Defender and shall furnish any portion of the record counsel may require. Ernest Lee Thomas, *in propria persona,* appellant. Reported below: 59 Mich App 21.

IN THE MATTER OF SZYMANSKI. (Docket No. 57994.) The petition for interim suspension is denied. The complaint for superintending control and motion for stay of proceedings are considered, and because it appears that the examination already has occurred, the same hereby are denied as moot. *Brian J. McMahon* for Michigan Judicial Tenure Commission, petitioner. *Eli Friedman* and *Myron Alpert* for respondent.

WILLIAMS, J., not participating.

PEOPLE v TOBEY. (Docket Nos. 57462, 57463.) Motion to add issues is granted. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Senior Assistant Prosecuting Attorney, for the people, appellant. *O'Brien, Moran & Dimond* for defendant- appellee. Reported below: 60 Mich App 420.

PEOPLE v BARNETT. (Docket No. 57834.) Leave to appeal is considered, and, it appearing to the Court that the case of *People v Tobey* (Docket Nos. 57462, 57463) is presently pending on appeal before this Court and that the decision in that case may be decisive of the issue