## WARREN v MOTOR WHEEL CORPORATION

Docket No. 50697. Submitted November 12, 1980, at Lansing.—Decided April 28, 1981.

Motor Wheel Corporation, by leave granted, appeals a decision of the Workers' Compensation Appeal Board affirming a hearing referee's award of partial disability benefits to James M. Warren on the basis of a 1966 traumatic injury. The question on appeal is whether Motor Wheel was deprived of due process of law where the appeal board panel which approved the award was comprised of three members who were all appointed as representatives of employee interests. *Held:*

1. There is no prohibition against a composition of the appeal board such as occurred in this case and there has been no showing of actual bias or that the probability of actual bias on the part of the appeal panel was too high to be constitutionally tolerable.

2. The statutes which designate the composition of the appeal board are not unconstitutional.

Affirmed.

1. WORKERS' COMPENSATION — COMPOSITION OF APPEAL PANEL — STATUTES.

There is no prohibition against a panel of the Workers' Compensation Appeal Board being comprised of three members who were all appointed to the board as representatives of employee interests (MCL 418.251, 418.261[2]; MSA 17.237[251], 17.237[261][2]).

2. CONSTITUTIONAL LAW — DUE PROCESS.

A hearing before an unbiased and impartial decisionmaker is a basic requirement of due process.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 79.

[2] 16A Am Jur 2d, Constitutional Law § 839 *et seq.*

[3] 46 Am Jur 2d, Judges §§ 98, 166-179.

Interest of judge in an official or representative capacity, or relationship of judge to one who is a party in an official or representative capacity, as disqualification. 10 ALR2d 1307.

[4] 16 Am Jur 2d, Constitutional Law § 212.

3. CONSTITUTIONAL LAW — DUE PROCESS — BIAS.

A judge or decisionmaker is disqualified on the basis of due process from hearing a case without a showing of actual bias where the judge or decisionmaker (1) has a pecuniary interest in the outcome of the case, (2) has been the target of personal abuse or criticism from the party before him, (3) is enmeshed in other matters involving the parties, or (4) might have prejudged the case because of prior participation as an accuser, investigator, factfinder or initial decisionmaker.

4. STATUTES — CONSTITUTIONAL LAW.

Statutes are presumed to be constitutional.

*Sablich, Ryan, Rapaport, Bobay & Pollok, P.C.,* for petitioner James M. Warren.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell,* of counsel), for respondent Motor Wheel Corporation.

*Philip J. Prygoski,* for intervening members of the Workers' Compensation Appeal Board.

Amici Curiae:

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen D. Zielesch* and *Ray W. Cardew, Jr.,* Assistants Attorney General, for the Attorney General.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit),* for General Motors Corporation.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

PER CURIAM. The Workers' Compensation Appeal Board affirmed the decision of the hearing referee awarding James M. Warren partial disabil-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ity benefits on the basis of a 1966 traumatic injury. The three member panel of the appeal board were all representatives of employee interests, as board members are defined in § 251 of the Worker's Disability Compensation Act, MCL 418.251; MSA 17.237(251).

Application for leave to appeal was granted on the question: Was Motor Wheel Corporation deprived of due process of law when a Workers' Compensation Appeal Board panel consisting of three members appointed as representatives of employee interests heard Motor Wheel's appeal of a referee's decision in Warren's favor?

A reading of the applicable statutes, §§ 251 and 261(2) of the Worker's Disability Compensation Act, MCL 418.251, 418.261(2); MSA 17.237(251), 17.237(261)(2), indicates that there is no prohibition against a composition of the appeal board such as occurred in this case.

Motor Wheel is entitled to a hearing before an unbiased and impartial decisionmaker as a matter of basic due process. *Crampton v Dep't of State,* 395 Mich 347; 235 NW2d 352 (1975).

In *Crampton, supra,* 351, the Court adopted the rule set forth in *Withrow v Larkin,* 421 US 35; 95 S Ct 1456; 43 L Ed 2d 712 (1975), to disqualify decisionmakers without a showing of actual bias "in situations where 'experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable' ".

In examining the four *Crampton* situations in which the risk of bias may be too high, we find the following:

(1) Do the representatives of employee interests have a pecuniary interest in the outcome? There is none claimed by Motor Wheel.

(2) Have any of the said representatives been the target of personal abuse or criticism from Motor Wheel? There is none claimed by Motor Wheel.

(3) Have any of the said representatives been enmeshed in matters involving Motor Wheel? There is none claimed by Motor Wheel.

(4) Might any of the said representatives have prejudged the case because of prior participation as an accuser, investigator, factfinder or initial decisionmaker? The said representatives are not subject to this situation because they can only act as members of the appeal board by virtue of the provisions of the statute by which they were appointed.

Motor Wheel also cites *Crampton, supra,* for the claim that "identification and alignment" of the decisionmaker with the adversary is constitutionally impermissible. Such an argument in this case is based upon the designation of the members of the appeal board in the applicable statutes, *supra.* No actual bias is alleged. We do not find this designation, as such, to be unconstitutional.

Statutes are presumed to be constitutional, and we find these statutes to be constitutional.

The determination of the appeal board is affirmed. No costs, a question of the constitutionality of a statute being involved.