AETNA LIFE INSURANCE COMPANY v ROOSE

Docket No. 64406. Submitted December 10, 1980 (Calendar No. 7).—
Decided April 26, 1982.

Waino W. Roose was disabled as a result of a series of job-related
accidents. Before he filed a workers' compensation claim, his
employer, Cleveland-Cliffs Iron Company, requested that its
insurer, Aetna Life Insurance Company, pay benefits to Mr.
Roose under the company's sickness and accident policy. Roose
agreed to reimburse Aetna for any payments it made for
injuries later determined to be compensable under the workers'
compensation act. After workers' compensation benefits were
awarded, Roose did not reimburse Aetna, and Aetna filed a
petition for reimbursement with the Bureau of Workers' Dis-
ability Compensation. A referee found that Aetna was entitled
to reimbursement, and the Workers' Compensation Appeal
Board affirmed. The Court of Appeals, D. F. Walsh, P.J., and
Bronson and T. M. Burns, JJ., affirmed in an unpublished per
curiam opinion (Docket No. 78-1440). The defendant appeals.

In a unanimous opinion by Justice Williams, the Supreme
Court *held:*

1. The workers' compensation act permits assignment of
workers' compensation benefits where advances are made to an
injured worker by an insurer under a group disability policy
prior to a determination of the worker's eligibility for compen-
sation. The reimbursement agreement between Aetna and
Roose, while technically not an assignment, satisfies the spirit
and intent underlying the statutory assignment provision be-
cause it encourages the immediate payment of sickness and
accident benefits pending resolution of the injury's compensa-
bility under the workers' compensation act.

2. The bureau has jurisdiction to review the validity and

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 822.

44 Am Jur 2d, Insurance§ 1814.

82 Am Jur 2d, Workmen's Compensation § 683.

Insured's receipt of or right to workmen's compensation benefits as
affecting recovery under accident, hospital, or medical expense
policy. 40 ALR3d 1012.

[2] 81 Am Jur 2d, Workmen's Compensation § 9.

enforceability of an insurer's claim against an insured worker for reimbursement of benefits paid under a sickness and accident policy prior to an award of workers' compensation benefits for the injuries. The validity of the agreement between Aetna and Roose presents a question concerning compensation arising under the workers' compensation act, over which the bureau has statutory authority to exercise subject matter jurisdiction.

Affirmed.

1. WORKERS' COMPENSATION — BUREAU OF WORKERS' DISABILITY COMPENSATION — JURISDICTION — REIMBURSEMENT AGREEMENTS.

The Bureau of Workers' Disability Compensation has jurisdiction to review the validity and enforceability of a claim by a sickness and accident carrier pursuant to an agreement with an injured worker for reimbursement of benefits paid to the worker prior to a determination that the injury is compensable under the workers' compensation act (MCL 418.821[2], 418.841; MSA 17.237[821][2], 17.237[841]).

2. WORKERS' COMPENSATION — ASSIGNMENT OF BENEFITS — REIMBURSEMENT AGREEMENTS.

An agreement between a sickness and accident insurance carrier and an injured worker which requires reimbursement of benefits paid to the worker upon an award of workers' compensation benefits for the injury and which is so worded as to fail to constitute an assignment, nevertheless may be enforceable as a statutory exception to the general proscription against the assignment of workers' compensation benefits where the result of the provision is to further the legislative intent and spirit of the exception by encouraging the carrier to begin immediate payment of sickness and accident benefits upon a worker's injury, while awaiting a determination of a workers' compensation claim (MCL 418.821; MSA 17.237[821]).

*Clancey, Hansen, Chilman, Graybill & Greenlee, P.C. (by Ronald E. Greenlee), for plaintiff.*

*Wisti & Jaaskelainen (by Gordon J. Jaaskelainen) for defendant.*

WILLIAMS, J. This case concerns two issues: (1) whether the Workers' Compensation Bureau has jurisdiction to review the validity and enforceability of an insurance company's claim against an

injured worker for failure to repay under a "reimbursement agreement" made pursuant to MCL 418.821(2); MSA 17.237(821)(2) between an injured worker and his employer's insurance company; and (2) whether, for the purposes of § 821(2), a reimbursement agreement is equivalent to an assignment and comes within the intended meaning of *an assignment* made to an insurance company making an advance or payment to an employee".

We hold that the bureau does have jurisdiction under the general statutory provisions of MCL 418.841; MSA 17.237(841) and under the specific statutory exception clause of § 821(2). We further hold that the "reimbursement agreement", although technically not an assignment, comes within the legislative intent and spirit of § 821(2) in that it accomplished the worthwhile objective of encouraging plaintiff insurance company to immediately begin paying defendant employee sickness and accident benefits, with the statutorily approved understanding that if such benefits were covered by workers' compensation they would be repaid.[1]

## I. FACTS

Defendant Waino Roose was disabled by the cumulative effect of a series of accidents sustained while in the employ of the Empire Iron Mining Company. In November 1968, defendant slipped on the snow and fell against a handrailing at work, aggravating a February 1967 chest injury which

---

[1] The defendant having been, without contest, properly reimbursed, including allowance for a portion of the attorney fees in securing the compensation recovery pursuant to MCL 418.821(2); MSA 17.237(821)(2), a majority of this Court is of the opinion that the provision in the reimbursement agreement unlawfully attempting to disallow such attorney fees is not for the corrective consideration of this Court.

he had incurred when struck by a large pipe while working as a drill helper. Both accidents resulted in fractured ribs and several weeks' sick leave from work. Defendant returned to work in January 1969, but the aggravated effect of his injuries forced him to stop working in October 1971. During the interim between the termination of work and the Workers' Compensation Bureau adjudication, Cleveland-Cliffs Iron Company, the parent company of Empire, requested that plaintiff Aetna Life Insurance Company pay Roose benefits under the company's sickness and accident policy commencing on October 26, 1971. Defendant supported this request and, on January 28, 1972, signed a document entitled "Reimbursement Agreement" which stated:

"For and in consideration of the payment by the Aetna Life Insurance Company to me of benefits pursuant to the terms of any and all group insurance contracts (disability, medical, hospital and surgical) issued by the Aetna Life Insurance Company to my employer, The Cleveland-Cliffs Iron Company, I hereby covenant and agree to reimburse the Aetna Life Insurance Company to the extent of any benefits paid by the Aetna Life Insurance Company for the same injury or disease for which any benefits are paid through or under any workmen's compensation act whether said benefits are paid by formal award, informal compromise, redemption agreement, or otherwise. Including simple interest at 5% per annum on any benefits already paid or hereafter paid by the Aetna Life Insurance Company and without reduction by reason of any attorney fees, court costs, or other disbursements or expenses incurred by me in collecting such workmen's compensation award, compromise, redemption agreement or other settlement."

Aetna complied with the agreement, paying

Roose $90 per week in insurance benefits from October 1971 until August 1972. Meanwhile, Roose pursued his workers' compensation claim until its successful completion in March 1974, when he was declared totally disabled and awarded $64 per week in compensation benefits starting retroactively from December 8, 1971. Cleveland-Cliffs, as a self-insurer, promptly mailed defendant a lump sum check for $8,340.36, covering all benefits owing up to April 4, 1974. The cover letter suggested that a reimbursement check payable to Aetna be returned. Roose failed to comply.

Aetna wrote to Roose on June 18, 1974, reminding him of the reimbursement agreement and noting:

"Under the terms of your [insurance] contract thru Cleveland Cliffs Iron Company, benefits are payable only for non-occupational accidental bodily injury or non-occupational disease.

"We have been advised that you received a workmen's compensation award for benefits that we issued from 10/26/71 thru 8/21/72. This amounts to $3,870.00. We have been reimbursed to this date in the amount of $388.24 leaving an overpayment in the amount of $3,481.76."

After being unable to recover the outstanding balance directly from Roose, Aetna filed a petition for reimbursement with the bureau on April 7, 1975. Arguments were heard before the same referee who had granted Roose compensation benefits the previous year. On September 22, 1975, the referee found that defendant Roose owed plaintiff Aetna $3,481.76, less a $1,161 setoff for attorney fees paid by defendant to recover his workers' compensation benefits, leaving a balance of $2,320.76. The WCAB affirmed in a 3-2 decision on

March 28, 1978.[2] The Court of Appeals unani-
mously affirmed in an unpublished per curiam
opinion. We granted leave on June 20, 1980. 408
Mich 960 (1980).

## II. JURISDICTION OF THE WORKERS' COMPENSATION BUREAU

The first issue we need to address is whether the
Workers' Compensation Bureau had jurisdiction to
review the validity and enforceability of the reim-
bursement agreement. The Legislature has estab-
lished the jurisdiction of the Workers' Compensa-
tion Bureau in MCL 418.841; MSA 17.237(841)
which provides:

> "*Any controversy concerning compensation* shall be
> submitted to the bureau and *all questions arising under
> this act* shall be determined by the bureau." (Emphasis
> added.)

In *Szydlowski v General Motors Corp,* 397 Mich
356, 359; 245 NW2d 26 (1976), we quoted with
approval *Herman v Theis,* 10 Mich App 684, 691;
160 NW2d 365 (1968): " 'plaintiff's remedy against
an employer based on an injury allegedly arising
out of an employment relationship properly be-
longs within the workmen's compensation depart-
ment for *initial determination* as to jurisdiction
and liability.' " (Emphasis added.)

Defendant concedes that the action for reim-
bursement was properly brought before the Work-
ers' Compensation Bureau but insists that Aetna's
allegations are insufficient to give the bureau juris-

---

[2] The WCAB modified the hearing referee's order that the balance
owing be credited against defendant's future compensation benefits
since Empire Iron Mining Company, a self-insurer, had the responsi-
bility of paying the compensation benefits. Therefore the WCAB
ordered that the balance of $2,320.76 be paid directly to Aetna.

diction over the parties and the reimbursement agreement so as to enable the bureau to issue a definitive decision in the case at bar. He bases this claim upon the argument that the bureau only has subject-matter jurisdiction to enforce an agreement when the agreement is executed in accordance with the terms of the act and since the agreement in question does not come under the act the bureau has no jurisdiction.

"Thus, the Workers' Compensation Bureau has initial jurisdiction to determine whether the reimbursement agreement was executed pursuant to the terms of the workers' compensation act.

"[However] under the facts before the Court, the workers' compensation department was compelled to find that the agreement was not executed pursuant to § 821 of the workers' compensation act, as alleged, and, therefore, the bureau was without jurisdiction to make any further finding."

Defendant's jurisdictional argument does not bear close examination. By the very act of finding the agreement to be within, or excluded from, the provisions of the act, the bureau is exercising subject matter jurisdiction, and rightly so. Section 841 grants the bureau broad authority to review "*any* controversy concerning compensation * * * *and all questions* arising under this act". The validity of the agreement at bar is certainly a question "arising under this act" in that it is specifically alleged to be authorized under § 821(2). Furthermore, as we shall shortly see, § 821(2) calls for the enforcement of assignment agreements "pursuant to rules established by the director". Thus the Legislature intended that agreements made pursuant to § 821(2) would be controlled and, if necessary, enforced by the Workers' Compensation Bureau. Therefore, whether or not the agree-

ment is enforceable, we hold that the bureau exercised its proper jurisdiction in hearing and deciding this case.

### III. Legislative Intent of § 821

Defendant's main argument before the WCAB was that the general rule set down in § 821(1) provided at the time of the drafting of the reimbursement agreement that "No payment under the act shall be assignable or subject to attachment or garnishment or be held liable in any way for any debts * * *." The exception to this rule was set down in § 821(2) which stated:[3]

"(2) This section shall not apply to or affect the validity of any *assignment* made to an insurance company making an advance or payment to an employee under any group disability or group hospitalization insurance policy which provides that no benefits shall be payable thereunder for any period of disability or hospitalization resulting from accidental bodily injury or sickness arising out of or in the course of employment. *Whenever* a group disability or hospitalization *insurance company enforces an assignment* given to it as provided in this section, *it shall pay, pursuant to rules established by the director, a portion of the attorney fees of the attorney who secured* the *workmen's compensation recovery."* (Emphasis added.)

Defendant would have us read the statute narrowly and hold that the agreement in question does not come within the statutory exception because it is not an assignment. Defendant pressed this point before the WCAB:

"An assignment and a reimbursement agreement are

---

[3] Both subsections 1 and 2 of § 821 were amended in 1978 with minor wording changes. The substance of the present statute, however, remains the same.

not one and the same thing. The difference is one of definition. An assignment is a transfer of a right in property. * * * While a reimbursement agreement is an agreement to repay something."

Since the agreement is by its very title described as "Reimbursement Agreement" and since it is worded in such a way that the signator "covenant[s] and agree[s] to reimburse" plaintiff, defendant concludes that it is outside the scope of § 821(2).

While defendant is correct in noting that there is definitional distinction between assignment and reimbursement,[4] he would have us miss the forest for the trees. The purpose of § 821(2) is to allow and encourage insurance companies carrying sickness and accident policies[5] to step forward and pay immediate benefits to injured workers who are pursuing a claim for workers' compensation. In this manner, the worker, often unable to work and

[4] Black's Law Dictionary (4th ed), p 153, defines assignment as:

"A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein. *Bostrom v Bostrom,* 60 ND 792; 236 NW 732, 734. It includes transfers of all kinds of property, *Higgins v Monckton,* 28 Cal App 2d 723; 83 P2d 516, 519. But is ordinarily limited to transfers of choses in action and to rights in or connected with property, as distinguished from the particular item of property. *In re Beffa's Estate,* 54 Cal App 186; 201 P 616, 617. It is generally appropriate to the transfer of equitable interests. *Kavanaugh v Cohoes Power & Light Corp,* 187 NYS 216, 228; 114 Misc 590."

Reimburse, on the other hand, is defined as:

"To pay back, to make restoration, to repay that expended; to indemnify, or make whole. *Los Angeles County v Frisbie,* 19 Cal 2d 634; 122 P2d 526; *Askay v Maloney,* 92 Or 566; 179 P 899, 901." Black's, p 1452.

See also 4A Words and Phrases, Assignment, p 99; 36A Words and Phrases, Reimbursement, p 361.

[5] A sickness and accident policy, commonly known in the insurance field as an "S & A", is an employer-provided fringe benefit meant to supplement, rather than duplicate, the state-mandated workers' compensation protection. It covers *non*-work-related illnesses and, in effect, helps fill the gap in the worker's disability insurance coverage.

incurring medical expenses, will be better able to weather the storm while waiting for a determination by the bureau. This is precisely what happened in the case at bar. The legislative intent was carried out. Roose was provided with 44 weeks of benefits which enabled him to pay his necessities while awaiting the determination of his claim. Yet he would now have us put aside the agreement he signed, after it had accomplished its beneficial purpose, because of its phraseology.[6]

The Court of Appeals concluded:

"Defendant is correct in pointing out the legal differences between an 'assignment' and an 'agreement to reimburse'. We do not see how those differences affect the underlying rationale of the workers' compensation scheme in this case. Section 821(1) is clearly aimed at protecting an injured worker's compensation benefits from those who would acquire a lien or enforce a debt against them. Section 821(2) is as clearly aimed at protecting sickness and accident insurers when they pay a claim that may later be determined to be cognizable as a workers' compensation claim. *This encourages these carriers to pay benefits to an injured worker when they are needed most, immediately.* The alternative would be to allow the employee a double recovery, and to discourage the immediate payment of claims." (Emphasis added.)

Therefore, we hold that the reimbursement agreement, although technically not an assignment, comes within the legislative intent and spirit of § 821(2) in that it accomplished the worthwhile objective of allowing plaintiff insurance company

---

[6] The WCAB, citing another panel's ruling in *Mutual Benefit Life Ins Co v Dumire,* 1977 WCABO 2463 for support, held: "Such agreements are precisely the type of assignment described in subsection (2) and to attempt to say this is a reimbursement agreement instead of an assignment is to attempt a distinction without a difference (or, per Gertrude Stein: '* * * a rose is a rose is a rose.')."

to immediately begin paying defendant employee benefits for injuries not covered under its sickness and accident policy, with the statutorily approved understanding that such benefits would be repaid upon the awarding of workers' compensation benefits.

The decision of the Court of Appeals is affirmed.

COLEMAN, C.J., and KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.