MORENO v CAMPBELL, WYANT & CANNON FOUNDRY

Docket No. 76811. Submitted December 5, 1984, at Grand Rapids.—
Decided February 27, 1985.

Plaintiff, Faustino C. Moreno, was awarded workers' compensa-
tion benefits. The Workers' Compensation Appeal Board held
that plaintiff's 1974 heart attack was caused by his employ-
ment and that a 1977 nonwork-related injury had aggravated
plaintiff's condition, resulting in a total disability. Plaintiff's
employer, Campbell, Wyant & Cannon Foundry, and its in-
surer, Aetna Casualty & Surety Company, appealed by leave
granted. The Court of Appeals, in an unpublished order of
August 28, 1983, remanded to the WCAB for further findings.
The WCAB having issued a new opinion and order affirming its
original decision, it is *held:*

1. It was established that plaintiff suffers from arteriosclero-
sis, which has been held to be an ordinary disease of life and
not compensable absent a showing that work or work condi-
tions aggravated or combined with the disease to produce the
injury for which compensation is sought. A factual relationship
between the work and the injury, in this case the heart attack,
must be shown by a preponderance of the evidence. In this
case, the relationship was not shown. The findings of the
WCAB are conclusory, general statements of stress, anxiety
and physical exertion. No specific incidents or factors of em-
ployment were found by the WCAB to be causally related to
the heart attack. Furthermore, the medical opinion relied upon
by the WCAB was based upon a hypothetical question, not
upon facts in evidence. Therefore, there is no support for the
finding that compensation was payable.

2. There was competent testimony to support a determination
that the 1977 injury was not aggravated by plaintiff's employ-
ment and is not compensable.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2, 3, 5] 82 Am Jur 2d, Workmen's Compensation § 299 *et seq.*
[4] 82 Am Jur 2d, Workmen's Compensation § 511 *et seq.*
[6] 82 Am Jur 2d, Workmen's Compensation §§ 528, 537.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

    Findings of fact of the Workers' Compensation Appeal Board are conclusive in the absence of fraud and must be upheld if there is any competent evidence to support them (MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — ARTERIOSCLEROSIS.

    Arteriosclerosis is an ordinary disease of life and it alone is not a compensable injury under the workers' compensation scheme; however, if work or work conditions aggravate the disease or accelerate its progress or if the work, combined with the disease, does in fact cause an injury, then compensation is payable.

3. WORKERS' COMPENSATION — HEART ATTACK — CAUSE OF INJURY.

    Two inquiries, one factual and one judgmental, must be made in determining whether a worker's employment was the cause of a heart attack; the factual inquiry looks to the working conditions and other conditions in the worker's life which are claimed to be the stresses which led to the heart attack, and the judgmental inquiry focuses on whether those stresses did cause the heart attack.

4. WORKERS' COMPENSATION — BURDEN OF PROOF.

    An injured worker bears the burden of proving by a preponderance of the evidence that a causal connection exists between his work activity and the injury sustained.

5. WORKERS' COMPENSATION — HEART ATTACK — CAUSE OF INJURY.

    General statements of stress, anxiety or physical exertion over a period of time, without a showing of a relationship between an employee's heart attack and specific incidents or factors of employment, are not sufficient to support a finding that the heart attack was caused by the employment.

6. WORKERS' COMPENSATION — WITNESSES — CAUSE OF INJURY.

    A conclusory opinion of causation by a medical witness in a workers' compensation proceeding should be rejected by the Workers' Compensation Appeal Board unless a foundation has been established tying the conclusion to the facts of the case.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *James L. Waters*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for defendants.

Before: R. M. Maher, P.J., and R. B. Burns and R. E. Robinson,* JJ.

Per Curiam. Defendants appeal by leave granted from the February 6, 1984, opinion and order[1] of the Workers' Compensation Appeal Board reversing the hearing officer's decision and awarding plaintiff benefits, finding that he had sustained a compensable work-related injury. The WCAB found that plaintiff's October 30, 1974, injury (heart attack) left him with a continuing partial disability which was aggravated to total disability by an April, 1977, nonwork-related injury.

Plaintiff worked as a coremaker at defendant foundry. His job entailed taking a core, weighing approximately 30 to 40 pounds, and ramming it into a box by hand. He would then shovel sand into the box. Twice a day, and occasionally more often, he would lift the loaded box and turn it over. On Thursday, October 26, 1974, plaintiff experienced pain in his chest which got worse as he continued working. He went to his foreman, then to the first aid station, and eventually left work early and went home. While at rest he did not have any more pains. Plaintiff worked all day Friday without incident. On Saturday, while at a wedding reception, he again experienced chest pains. He did not feel well the following day but went to work on Monday, October 30, 1974. He worked about four hours before going to the first aid station because of chest pains. He then went to

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

[1] The original opinion of the WCAB was dated May 12, 1983. By order dated August 28, 1983, this Court remanded the case back to the board with instructions to make adequate findings of fact and conclusions of law in conformance with the standards set forth in *Nunn v George A Cantrick Co, Inc,* 113 Mich App 486; 317 NW2d 331 (1982). The present appeal involves the second opinion of the WCAB, which affirmed its earlier opinion.

the hospital where it was determined that he had sustained a myocardial infarction. Plaintiff also suffers from diabetes and an arteriosclerotic heart condition.

Plaintiff returned to work in January, 1975, to a lighter, but faster job, working with an automatic blower. He worked in this capacity without trouble. Due to a temporary cancellation of the blower position, on April 18, 1977, plaintiff returned to his former job as coremaker. Although the job itself was the same, it was set up in an awkward manner which required him to stretch over the box to pack the sand and necessitated holding the box while the core was rammed inside. On his first day at this job, he experienced chest pains which continued throughout the week. Eventually, he went to the first aid station and then went home.

The following day, April 22, 1977, plaintiff had a tooth extracted. Although he had experienced some pain that afternoon, after the extraction the chest pain became considerably worse. He was hosptialized the next day and it was determined that he had suffered a second heart attack.

Plaintiff's treating physician testified in response to a hypothetical question that plaintiff's work was an aggravating or contributing factor to the heart attack. He opined that the triggering mechanism for the attack was "related to the stress related to the work itself giving rise to further irritability of the heart". Two other medical witnesses testified that no relationship existed between the heart attack and plaintiff's work.

On review of a WCAB decision, findings of fact are conclusive in the absence of fraud, and they must be upheld if there is any competent evidence to support them. MCL 418.861; MSA 17.237(861); *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978). It has been held that arte-

riosclerosis is an ordinary disease of life which is not caused or aggravated by work, and, therefore, it alone is not a compensable injury under the worker's compensation scheme. However, if the work or work conditions aggravate the disease or accelerate its progress or if the work, combined with the disease, does in fact cause an injury, then compensation is payable. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979). The question in the present case is whether a factual relationship between the work or work conditions and the injury was established by a preponderance of the evidence. We hold that it was not. The board's conclusory findings are insufficient to establish the necessary causal link between the injury and the employment so as to sustain the determination of a compensable work-related injury. *Kostamo, supra,* p 116; *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982).

Inasmuch as there is no real dispute that plaintiff suffers from arteriosclerosis and that plaintiff did sustain a heart attack, the determinative question is whether plaintiff's employment was a cause of that injury. As set forth in *Kostamo,* two inquiries, one factual and one judgmental, must be made. The factual inquiry looks to the working and other conditions in the plaintiff's life which are claimed to be the stresses that led to the heart attack. The second, judgmental, inquiry focuses on whether those stresses did cause the injury, *i.e.,* the heart atack. *Kostamo,* p 120. The worker bears the burden of proving by a preponderance of the evidence that a causal connection exists between the work activity and the injury sustained.

The board in its opinon must, as factfinder, detail its findings so that a reviewing court can separate the facts found from the law which is

applied. Conclusory statements are insufficient because they do not illustrate the "path [the board] has taken through the conflicting evidence, the testimony it has adopted, the standards followed and the reasoning used to reach its conclusion". *Kostamo,* 405 Mich 136.

In *Miklik, supra,* pp 370-371, the Court again discussed the quantum of proof required to establish the necessary causal connection between the employee's heart attack and the workplace:

"Even if the WCAB had had adequate support for its finding of heart damage in *Miklik,* the board further failed to show a sufficient link between the damage and the workplace. There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.

"The link between the work and the heart damage need only be one of reasonable relationship of cause and effect. Other possible or probable causes need not be excluded beyond doubt. Further, the work need not be the *sole* cause of the damage; it is sufficient if the employment is *a* cause. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. The *Kostamo* Court noted several examples which have been regarded as significant by courts and commentators: temporal proximity of the cardiac episodes to the work experience, hot and dusty conditions, repeated return to work after a cardiac episode, and mental stress.

"The WCAB's conclusion in *Miklik* that general stress existed without a link between a *specific* incident of employment and a *specific* cardiac episode does not suffice. Accordingly, we reverse the decision of the WCAB." (Emphasis in original.)

With the foregoing authority as a guide, we turn

to the specifics of the present case. The February 6, 1984, opinion of the WCAB identifies no specific incident or discrete factor of employment which it found to be causally related to the injury. Inasmuch as general statements of stress, anxiety or physical exertion over a period of time are insufficient grounds for a determination of causal connection, we find the board's finding that plaintiff's job required "heavy lifting and other physical activity" to be similarly insufficient. Such a conclusory finding amounts to no more than a general statement that a coremaker's job requires physical exertion and, if a heart attack occurs, compensation is due.

Plaintiff's testimony indicates that he experienced chest pains five days before he went to the hospital. Although those initial pains subsided, they returned on Saturday while he was at a wedding. He did not feel well on Sunday or when he returned to work on Monday, October 30, 1974. He performed his ordinary work tasks and did nothing unusual before proceeding to the first aid station and then the hospital.

Moreover, although it may not be necessary for the causal connection between the work stress and the injury to be established through medical testimony, see, *Kostamo*, p 134, in the present case there was no medical *or* lay testimony which established the requisite relationship. The opinion of plaintiff's treating physician which refers to a connection was based upon a hypothetical question containing facts not in evidence and did not relate the injury to any specific stress or exertion of plaintiff's employment but instead referred to the general "stress related to the work". As noted in *Kostamo*, p 138, because of the difference between medical and legal causation, a conclusory opinion of causation by a medical witness should be re-

jected by the WCAB unless a foundation tying the conclusion to the facts has been established. No such relationship was established in the present case.

Because we have previously remanded this case to the board for specific findings of facts and conclusions of law, and because the opinion reflects the board's awareness of the controlling legal standards, we do not remand for further proceedings. Based on the lack of evidence establishing the necessary legal connection between the injury and the employment, we believe that a remand would be fruitless. Therefore, we reverse the February 6, 1984, opinion and order awarding benefits to plaintiff.

Given our resolution of this issue, we find it unnecessary to address the remaining issues raised by defendants. While plaintiff did not file a cross-appeal from that portion of the WCAB opinion and order finding that he did not sustain a compensable work-related injury in April, 1977, in the interest of judicial economy, we briefly address the claim.

Unlike the board's findings concerning the 1974 heart attack, the findings of fact and the conclusions of law regarding the 1977 incident are detailed, specific and supported by the record. Because there was competent lay and medical testimony supporting the determination that plaintiff's heart attack was related to the tooth extraction and was not aggravated by his employment, we will not interfere with that determination.

Reversed.