## WILLIAMS v CHRYSLER CORPORATION

Docket No. 88959. Submitted January 8, 1987, at Detroit. Decided
April 6, 1987.

Sylvester· Williams, Jr., petitioned for workers' disability compen-
sation benefits; alleging that he suffered from a work-related
lung disability. The referee found that there was a work-related
disability and ordered petitioner's employer, Chrysler Corpora-
tion, to pay benefits. The referee's order incorporated petition-
er's agreement to reimburse Aetna Life Insurance Company for
sickness and accident benefits but failed to incorporate the
agreement to make reimbursement for the extended disability
benefits which had been paid to him and also ordered that
Aetna must pay a pro-rata share of both petitioner's costs and
attorney fees. The Workers' Compensation Appeal Board af-
firmed the order of the referee. Chrysler Corporation appealed
on leave granted, claiming that the appeal board misapplied
the applicable legal standards, that the dependency of petition-
er's wife was improperly based upon the statutory conclusive
presumption, that the reimbursement order improperly re-
quired Aetna to pay a pro-rata share of petitioner's costs and
that the decision of the matter was made by a two-person panel
of the Workers' Compensation Appeal Board composed of an
employée-interest member and a public-interest member, which
deprived Chrysler of due process. The Attorney General was
allowed to intervene as a defendant-appellee.

The Court of Appeals *held:*

1. Findings of fact by the Workers' Compensation Appeal
Board are subject to review by the Court of Appeals only to
determine whether there is any competent evidence to support
the findings. In order to discharge that function the appeal
board must set forth its findings with sufficient specificity so
that the Court of Appeals can separate the findings of fact from

References

Am Jur 2d, Constitutional Law §§ 735, 804, 855.

Am Jur 2d, Workers' Compensation §§ 540, 545, 549, 553, 554, 559,
561-563, 636, 641, 643, 644, 662.

See the annotations in the Index to Annotations under Workers'
Compensation.

the law being applied. Since the appeal board's order fails to separate its findings of fact from its conclusions of law, remand is required for further proceedings.

2. The conclusive presumption of dependency of a wife of a worker suffering a disability is unconstitutional. Since there was disputed evidence as to whether petitioner's wife was, in fact, a dependent of petitioner for a portion of the time at issue and no finding of fact on that disputed evidence was made, dependency improperly rested on the unconstitutional statutory presumption.

3. It was clear error to order Aetna to pay a pro-rata share of petitioner's costs. The statute only requires that a reimbursed health, accident or disability insurer pay a pro-rata share of the petitioner's attorney fees.

4. The use of an appeal board panel composed of an employee-interest member and a public-interest member denied Chrysler of fair and impartial review. The fact that an employer-interest member would resolve the matter if there had been a tie vote does not overcome the initial bias of such an arrangement. Fairness requires that review by two-member panels be by panels composed of either one employer-interest member and one employee-interest member or of two public-interest members.

Reversed and remanded.

CYNAR, P.J., dissented from the holding that the potential for bias of using an appeal board panel such as the one used in this case is so great as to be constitutionally intolerable. He would hold that actual or probable bias must be shown and that such a showing was not made in this case.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT.

The Workers' Compensation Appeal Board must set forth its findings of fact in sufficient detail so that the Court of Appeals in the exercise of its appellate function can separate the facts found by the appeal board from the law the appeal board applied; failure of the appeal board to make its findings of fact with sufficient specificity to allow the Court of Appeals to determine the facts found, the standards followed or the reasoning used by the appeal board to reach its conclusion will mandate remand to the appeal board for further proceedings.

2. WORKERS' COMPENSATION — DEPENDENCY — PRESUMPTIONS — EQUAL PROTECTION.

The conclusive presumption of the Workers' Disability Compensation Act that the wife of an injured worker living with him at the time of his injury was dependent upon the worker for

financial support constitutes a gender-based classification, which is violative of the Equal Protection Clause (MCL 418.353[1][a][i]; MSA 17.237[353][1][a][i]).

3. WORKERS' COMPENSATION — REIMBURSEMENT AGREEMENTS — SICKNESS AND ACCIDENT CARRIERS — ATTORNEY FEES — COSTS.

   It is error to require a sickness and accident insurance carrier which is being reimbursed for sickness and accident benefits which it paid out of the proceeds of a workers' disability compensation award to pay a pro-rata share of both the costs and attorney fees incurred in securing the workers' disability compensation award, since the statute provides only that the sickness and accident carrier pay a pro-rata share of the attorney fees (MCL 418.821[2]; MSA 17.237[821][2]).

4. WORKERS' COMPENSATION — APPEAL BOARD PANELS — DUE PROCESS.

   An employer is denied due process in a hearing before a panel of the Workers' Compensation Appeal Board where the panel is composed of one member representing employee interests and one member representing the general public's interests even if both members of the panel are in agreement, since it must be presumed that the member representing employee interests will be biased in favor of the claimant; the fact that a member representing employer interests will be assigned to resolve any tie vote is insufficient to overcome the initial bias inherent in such a panel; the only way that the risk of prejudice to either the employer or employee can be eliminated when using two-member panels is to have those panels composed of either one member representing employer interests and one member representing employee interests or of two members representing the general public's interest.

*Harvey Covensky,* for plaintiff.

*Lacy & Jones* (by *Stephen Jay Schwartz*), for Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for the Attorney General.

Before: CYNAR, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Chrysler Corporation appeals by leave granted the decision of the Workers' Compensation Appeal Board affirming the findings of a referee that plaintiff was entitled to workers' compensation because he suffered from a work-related lung disability. We reverse and remand.

Chrysler first claims the WCAB misapplied the applicable legal standards when it concluded that petitioner suffered a work-related lung condition. Chrysler claims that the WCAB used proof of plaintiff's disability to support its conclusion that plaintiff's injury was work-related. See *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 116-118; 274 NW2d 411 (1979).

MCL 418.861; MSA 17.237(861) provides:

> The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board . . . .

See also Const 1963, art 6, § 28; *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978); *Woods v Sears, Roebuck & Co,* 135 Mich App 500, 503; 353 NW2d 894 (1984), lv den 421 Mich 852 (1985). It has been held that the Court of Appeals may review the WCAB's findings of fact to determine whether there is any competent evidence in the record to support them. *Id.; Burns v General Motors Corp,* 151 Mich App 520, 527-528; 391 NW2d 396 (1986).

In order for this Court to discharge its appellate function, the WCAB must sufficiently detail its findings of fact so that the Court can separate the facts it found from the law it applied. *Kostamo, supra,* pp 119, 136; *Aquilina, supra,* pp 213-214; *Costa v Chrysler Corp,* 152 Mich App 530, 532-534;

394 NW2d 6 (1986); *Moreno v Campbell, Wyant & Cannon Foundry,* 142 Mich App 648, 652-653; 369 NW2d 867 (1985), lv den 423 Mich 852 (1985). In *Kostamo, supra,* p 136, our Supreme Court noted:

> [C]onclusory findings [by the WCAB] are inadequate because we need to know the path it has taken through the conflicting evidence, the testimony it has adopted, the standards followed and the reasoning used to reach its conclusion.

Having reviewed the WCAB's opinion in this case, we find that we cannot perform our appellate function. The WCAB merely affirmed the referee's decision and summarized the expert testimony presented. It did not state which testimony it *adopted,* the standards it followed, or the reasoning it used to reach its conclusion. *Id.* Hence, we vacate the WCAB's opinion and remand this case to the WCAB for further proceedings. *Costa, supra.*

Chrysler next claims that plaintiff failed to prove that his wife was in fact dependent upon him. Plaintiff testified that he was married and that he was the sole supporter of his family. On cross-examination, however, plaintiff admitted that his wife had worked for General Motors until December, 1979, when she was laid off.

MCL 418.353(1)(a)(i); MSA 17.237(353)(1)(a)(i) provides that the wife of an injured employee, living with him at the time of the injury, is conclusively presumed to be dependent upon him. The referee in this case followed the presumption. While this case was pending before the WCAB, our Supreme Court decided that the conclusive presumption of dependency regarding a widow, MCL 418.331(1)(a); MSA 17.237(331)(1)(a), was unconstitutional. *Day v W A Foote Memorial Hospital,* 412 Mich 698; 316 NW2d 712 (1982). Chrysler then asked the WCAB to

reconsider the conclusive presumption of dependency contained in § 353(1)(a)(i) in light of *Day.* The WCAB denied Chrysler's request, finding:

> Finally, on the issue of dependency of plaintiff's wife, we note that he testified that he was married on April 28, 1971, had three children, the whole family lived in one household and that he was the sole support of his wife and children. That testimony remained unchallenged on cross-examination and this is not the proper occasion to go into the actual amounts spent for the wife's support.
>
> Thus, it is unnecessary to remand the case to the Bureau for the purpose of litigation or stipulation of the wife's dependency pursuant to *Day v W A Foote Memorial Hospital,* 412 Mich 698 (1982).

We believe that these findings were not supported by any competent evidence. First, plaintiff testified that he had one child; second, the question of whether plaintiff's wife was in fact a dependent of plaintiff was raised during cross-examination when plaintiff admitted that his wife was employed until December, 1979.

Furthermore, we agree with the recent decision of our Court in *Costa, supra,* pp 534-535, that the nearly identical wording of § 331(1)(a) and § 353(1)(a)(i) requires the latter statute to also be held unconstitutional. Moreover, the *Costa* panel held that its rule, as the rule in *Day,* should be applied to cases pending before the WCAB which raised the dependency issue. Because the instant case is such a case, we remand to the WCAB so that plaintiff may attempt to prove the dependency of his wife. *Id.,* p 535.

The third issue on appeal concerns a stipulation between plaintiff and Chrysler. Plaintiff agreed to reimburse Aetna Life Insurance Company for sick-

ness, accident and extended disability benefits. See MCL 418.821(2); MSA 17.237(821)(2); *Aetna Life Ins Co v Roose,* 413 Mich 85; 318 NW2d 468 (1982). However, the referee only ordered that Aetna be reimbursed for sickness and accident benefits. The referee also ordered Aetna to pay its pro-rata share of plaintiff's costs and attorney fees.

In its appeal to the WCAB, Chrysler claimed that the referee's order was erroneous because it failed to reimburse Aetna for extended disability benefits paid to plaintiff and because it ordered Aetna to pay a pro-rata share of plaintiff's attorney's costs when MCL 418.821(2); MSA 17.237(821)(2) only provides that Aetna pay "a portion of the attorney *fees* of the attorney who secured the worker's compensation recovery." (Emphasis supplied.)

The WCAB's opinion never discussed these issues. Plaintiff concedes that the referee's order should be modified to include reimbursement for extended disability benefits paid by Aetna. However, plaintiff does not address the issue of whether Aetna could be ordered to pay costs. In light of the unambiguous language of MCL 418.821(2); MSA 17.237(821)(2), we believe that the referee could only order Aetna to pay its proportionate share of attorney fees, but not costs. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986). On remand, the WCAB should modify the referee's order to include reimbursement for extended disability benefits, but to exclude Aetna's liability for plaintiff's costs.

Finally, Chrysler challenges the constitutionality of MCL 418.261(2); MSA 17.237(261)(2) which provides:

> Except as otherwise provided for in this act, a matter pending review before the appeal board shall be assigned to a panel of 2 members of the

board for disposition, with each panel comprised of 1 member each from the employee and employer representatives, the employee and general public representatives, the employer and general public representatives, or 2 members representative of the general public. The decision reached by the assigned members of a panel shall be the final decision of the board. If the members of a panel cannot reach a decision, the chairperson of the board shall assign a third panel member to review the matter. The third member shall be from a designated representative group that is not already represented on the panel, except for a panel of 2 members representative of the general public in which case the third member shall be a representative of the general public. The decision of the third member shall be controlling and shall be considered to be the final decision of the board.

We note that the WCAB reviews decisions made by a referee. MCL 418.255; MSA 7.237(255). Moreover, the WCAB is composed of fifteen members, with five members representing employees' interests, five representing employers' interests, and five representing the general public's interests. MCL 418.251; MSA 17.237(251).

The WCAB panel which reviewed the referee's decision in this case was composed of one employee and one general-public representative. Chrysler claims that this composition, with one-half of the board being predisposed toward plaintiff's interests, deprived it of its due process right to a hearing before a fair and impartial decision maker. US Const, Am XIV; Const 1963, art 1, § 17. *Crampton v Dep't of State,* 395 Mich 347, 351; 235 NW2d 352 (1976), reh den 396 Mich 956 (1976).

This Court has previously ruled on the issue of whether the composition of the WCAB deprived litigants of their right to due process. *Ratliff v General Motors Corp,* 127 Mich App 410; 339

NW2d 196 (1983), lv den 419 Mich 932 (1984); *Vayiar v Vic Tanny International,* 114 Mich App 388; 319 NW2d 338 (1982); *Warren v Motor Wheel Corp,* 110 Mich App 731; 313 NW2d 286 (1981), lv den 411 Mich 1049 (1981); *Pitoniak v Borman's, Inc,* 104 Mich App 718; 305 NW2d 305 (1981), lv den 411 Mich 1049 (1981), app dismissed 455 US 901; 102 S Ct 1242; 71 L Ed 2d 440 (1982). At that time, the WCAB was made up of fifteen members, with six representing employees' interests, six representing employers' interests, and three representing the general public's interests. The panels were composed of three members, who were chosen at random, and the vote of the majority controlled.

In *Pitoniak, supra,* the defendants challenged the constitutionality of a panel composed of two employees' representatives and one general public representative. The *Pitoniak* panel first noted that a party who challenges the impartiality of a tribunal need not show actual prejudice; instead, it is sufficient if the situation is one in which experience teaches that the probability of actual bias on the part of the decision maker is too high to be constitutionally tolerable. See also *Withrow v Larkin,* 421 US 35, 47; 95 S Ct 1456; 43 L Ed 2d 712 (1975); *Crampton, supra,* p 351.

In *Crampton, supra,* our Supreme Court noted that some cases where actual bias could be presumed were those in which the decision maker: (1) had a pecuniary interest in the outcome; (2) had been the target of personal abuse or criticism by the party before him; (3) was enmeshed in other matters involving the petitioner; or (4) might have prejudged the case because of prior participation as an accuser, investigator, fact finder or initial decision maker. Applying these factors, the *Pitoniak* panel concluded that: (1) the WCAB had no

pecuniary interest in the outcome of a case be-
cause they received a salary appropriated by the
Legislature; (2) defendants had not personally
abused or attacked the WCAB panel; (3) the WCAB
panel had no other dealings with the parties; and
(4) the WCAB had no involvement in the case until
it was appealed from the referee and, therefore, it
had no previous dealings with the case.

The *Pitoniak* panel then discussed the due pro-
cess balancing test announced by the United
States Supreme Court in *Mathews v Eldridge,* 424
US 319; 96 S Ct 893; 47 L Ed 2d 18 (1976). In
*Mathews, supra,* p 335, the Supreme Court held:

> [I]dentification of the specific dictates of due
> process generally requires consideration of three
> distinct factors: First, the private interest that will
> be affected by the official action; second, the risk of
> an erroneous deprivation of such interest through
> the procedures used, and the probable value, if
> any, of additional or substitute procedural safe-
> guards; and finally, the Government's interest,
> including the function involved and the fiscal and
> administrative burdens that the additional or sub-
> stitute procedural requirement would entail.

Applying this test to the composition of the
WCAB panel, the *Pitoniak* panel ruled that, al-
though the private interests of the defendants
were great, there was "no evidence indicating a
risk of erroneous deprivation of such interests or
that alternative procedures would offer greater
protections." *Pitoniak, supra,* p 728. The *Pitoniak*
panel also noted that the state's proprietary and
administrative interests in maintaining the pres-
ent system were insubstantial. The *Pitoniak* deci-
sion was followed in *Warren, supra,* and *Ratliff,
supra.*

In *Vayiar, supra,* another panel of this Court

(including one member of the *Pitoniak* panel, who had changed his mind on the due process issue) disagreed with the conclusion reached in *Pitoniak.* The *Vayiar* panel first noted that the factors listed in *Crampton, supra,* to determine the possibility of actual bias were not intended to be exhaustive. The *Vayiar* panel then held that a situation where a majority of the decision-making panel is strongly identified and aligned with one of the parties, but not the other, amounted to a denial of due process. The *Vayiar* panel then found that representatives of employee interests were, by definition, aligned and identified with the interests of employees who appeared before the WCAB. The *Vayiar* panel concluded that the defendants had been denied their due process right to a hearing before a fair and impartial decision maker when the WCAB panel hearing their case was composed of two employee representatives and one employer representative. Finally, the *Vayiar* panel noted that under *Mathews, supra,* it would impose no greater financial burden on the state to provide for an alternative decision-making procedure which would greatly reduce the risk of prejudice: namely, providing for a panel composed of one representative from each of the three groups represented on the WCAB.

Both parties in this case concede that the issue presented in *Pitoniak* and *Vayiar* involved a statute under which a majority of the WCAB panel could represent the employees' interests. In this case, under the present MCL 418.261(2); MSA 17.237(261)(2), the employee representative is only one-half of a team which includes a neutral representative of the general public. In the event that these two panel members cannot agree, an employer representative will cast the deciding vote. The parties agree that the Legislature reduced the

number of members sitting on the WCAB panel in order to eliminate its backlog of cases.

Even though we note that the holding in *Vayiar* is not directly on point, we agree with its reasoning and find that it applies in this case. First, we agree that the *Crampton* factors indicating the possibility of actual bias were not intended to be exclusive. Second, we agree that employee representatives are, by definition, aligned and identified with employee interests. Third, we hold that, even though the employee representative does not constitute a majority of the WCAB panel but, in fact, is only one-half of it, Chrysler was nonetheless denied its right to a fair and impartial hearing because it must be presumed that the employee representative was already aligned with plaintiff's position. We believe that the fact that an employer representative would be added to the panel in the event of a tie vote between one member already aligned with plaintiff and a neutral member is insufficient to overcome the initial partiality inherent in the original two-member WCAB panel. We further note that it would impose no greater financial burden on the state to provide an alternative decision-making procedure which would greatly reduce the risk of prejudice: namely, providing for two-member panels composed of either one employee and one employer representative or two general-public representatives. See *Mathews, supra; Vayiar, supra.* In either case, a split may be resolved by a general public representative. *Id.*

Hence, we vacate the opinion of the WCAB's two-member panel in this case and we remand this case to the WCAB so that it may be considered by a two-member panel consisting of either one employer and one employee representative or two general public representatives in a manner consistent with this opinion. We further order that on

remand this matter be given expeditious attention.
We retain jurisdiction.

Cynar, P.J. *(dissenting in part and concurring in part)*. In this case, the two member-panel of the appeal board and its composition as provided by the Legislature does not violate defendant's due process right to a fair and impartial decision maker. The record does not support actual or probable bias in violation of defendant's due process right. On the record before us, to merely say that the probability of actual bias on the part of the decision maker is too high to be constitutionally tolerable is not enough. I would agree with the reasoning of the majority if the two-member panel had not reached a decision, thereby necessitating assigning an employer representative as provided under the statute with a result that the added panelist would be strongly identified and aligned with the interest of the employer. Reflection is difficult to avoid as to whether the people would be best served by selection of impartial panelists. However, the panel in this case was not divided. I concur with the majority on the disposition of the other issues.