WILLIAMS v CHRYSLER CORPORATION (AFTER REMAND)

Docket No. 88959. Submitted January 8, 1987, at Detroit. Decided February 2, 1988. Leave to appeal applied for.

Sylvester Williams, Jr., petitioned for workers' disability compensation benefits, alleging that he suffered from a work-related lung disability. The referee found that there was a work-related disability and ordered petitioner's employer, Chrysler Corporation, to pay benefits. The referee's order incorporated petitioner's agreement to reimburse Aetna Life Insurance Company for sickness and accident benefits but failed to incorporate the agreement to make reimbursement for the extended disability benefits which had been paid to him and also ordered that Aetna must pay a pro-rata share of both petitioner's costs and attorney fees. The Workers' Compensation Appeal Board affirmed the order of the referee. Chrysler Corporation appealed on leave granted, and the Attorney General was allowed to intervene as a defendant appellee. The Court of Appeals reversed and remanded for further consideration, 159 Mich App 8 (1987).

After remand, *held:*

The Workers' Compensation Appeal Board found, and there was competent evidence to support the finding, that petitioner had not sustained his burden of proving causation.

Affirmed.

*Harvey Covensky, P.C.* (by *Harvey Covensky*), for plaintiff.

*Lacy & Jones* (by *Stephen Jay Schwartz*), for Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for the Attorney General.

AFTER REMAND

Before: CYNAR, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Following this Court's remand in *Williams v Chrysler Corp,* 159 Mich App 8; 406 NW2d 222 (1987), the Workers' Compensation Appeal Board found that plaintiff had not sustained his burden of proving that the atmospheric conditions at his former place of employment, rather than his cigarette smoking, caused or aggravated his bronchial asthma. Because there was competent evidence to support the WCAB's findings of fact, we affirm. *Williams, supra,* p 11.

Affirmed.